MOORE v. THE MAYOR AND ALDERMEN OF MOBILE.

1· The corporation of Mobile, receiving powder on storage out of the city, under the ordinance on that subject, is not liable if it be stolen, unless negligence be proved, although a reward be paid.
2  Their liability is like that of warehousemen and not of insurers.

JOSEPH W. MOORE brought an action on the case against the mayor and aldermen of the city of Mobile, in the Circuit Court of Mobile county; and declared specially for the loss by the negligence of the defendants, of a certain quantity of gun powder, which had been delivered to them under the city ordinance, which was recited.   The defendants plead the general issue ; and at the April term, 1827, a trial was had before the Chief Justice, and a verdict was found for the defendants.

At the trial, a bill of exceptions was taken by the plaintiff, shewing that it was proved before the jury, that he had purchased some time previous to the commencement of the action, a quantity of powder then deposited in the public magazine of the corporation, under an ordinance of said city, passed the 19th of December, 1821, by which ordinance it was provided, that after its passage, it should not be lawful for any person to keep more than twenty-five pounds of gun powder in the city ; and subjecting any person violating the ordinance, to a fine not exceeding ten dollars for every twenty-four hours that powder was so kept ; that vessels, &c. should not be permitted to lie at a wharf with powder on board, more than twenty-four hours, &c.   It was also provided, that a powder magazine should be kept out of the city ; and a keeper of it should be appointed by the corporation, whose duty it was to take charge of all gun powder sent out to said

JANUARY 1828.

Moore
v.
The Mayor & Aldermen of Mobile.

magazine on storage, to see it safely deposited therein; to keep a box in a certain part of the city for the reception of orders for powder from the magazine, and to send to the magazine for such powder as might be ordered, and deliver it as soon as possible; that the said keeper should charge for storage, and collect at the end of each month, twelve and a half cents per keg, for all powder deposited there, which he was to pay to the clerk of the board; and he was to receive for his services, one half of the amount collected, while he acted as keeper in compliance with the requisitions of the ordinance. The plaintiff further proved a due demand of the powder, before suit was brought, of the keeper, and also of the mayor and aldermen of the city, and that they would not deliver it or pay for it.

The defendants proved that a hole was picked in the wall of the magazine by persons unknown to them, through which the powder was stolen.

On this evidence, the Court charged the jury, that if they believed there had been negligence in keeping said powder house, the plaintiff was entitled to recover; but that if they believed there had been no negligence in keeping said house, that they should find for the defendants. To which the plaintiff excepted, and now assigns that charge as the error committed in the Court below.

SALLE, for the plaintiff, relied upon the position that where a bailee or carrier for a reward is robbed, nothing but the act of the public enemy will excuse him. [a]

[a] Jones on Bailm. 117, 107. Ray. 909. 2 Hen. and Munf. 213.

HITCHCOCK, for the defendants, contended that they were not to be considered as *bailees for reward*, and that the doctrine of common carriers did not in any respect apply to them.

By looking into the ordinance, it will be found that it presents a case of municipal regulation for the protection of the city against fire; that the magazine keeper is a *public* or *municipal officer*, acting under the authority of law; that he himself is not liable except for negligence, and that the corporation are not liable at all for *his* negligence. The price paid for storage is not to be considered as a *reward*, but only such a tax as will remunerate the corporation for the expenses of erecting the magazine, keeping it in repair, and indemnifying the keeper for his trouble in receiving and re-delivering the powder. The power of the corporation to pass the ordinance is not denied; in-

deed, the pl intiff relies upon it as the source from whence he derives the liability of the corporation. If the corporation had the power to prohibit the introduction of powder, on the ground of public policy, and with a view to public safety, the ordinance cannot be viewed as a contract to be liable for what should be deposited. The plaintiff was not bound to deposite the powder in the magazine; he might have kept it himself if he chose to do so out of the city. The erection of the magazine and the appointment of a keeper, were intended for the accommodation of the plaintiff and not for emolument or reward. The keeper was therefore liable only for negligence, and the corporation not at all.

The passing of the ordinance being an act of municipal regulation, the charter gave the corporation the power to appoint a keeper and to fix his compensation. He therefore, became a public officer, for whose acts the corporation are no more liable than they are for the acts of their city constables, night watches, &c. and all other officers appointed by them to carry into effect the ordinances passed for the general welfare.

The case cited from 2 Hen. and Munf. by Mr Salle, unfortunately for him, establishes the above principles, and if I understand it rightly, is in point in favor of the defendants.

SALLE in reply: The opinion of Chancellor Wythe was cited merely to shew that a warehouseman stood upon the same footing as any other bailee. The case was reversed upon the very ground that the Commonwealth of Virginia was *not the owner* of the warehouse, and for that reason, not liable as bailee. The Commonwealth was not liable at all, inasmuch as the loss did not happen *by fire*, the only act insured against. But in the case before the Court, the magazine belongs to the corporation, and they appoint a keeper, perhaps a slave, to receive and re-deliver the powder. The defendant's counsel has argued that the corporation does not receive a reward, but a mere tax, and that it is no more liable for the acts of its keeper than it is for those of its constables, &c. *Credat Judæus Appella, non ego.*

JUDGE WHITE delivered the opinion of the Court.

In support of the plaintiff's position, it is contended that the liability which the law, from principles of public

JANUARY 1828.

Moore
v.
The Mayor & Aldermen of Mobile

policy to prevent collusion with thieves, imposes on common carriers, should, from the same policy, and for the same reason, be required at the hands of these defendants. We can find no decision which would bear us out in the application of this principle, (severe in itself and existing only in a few instances from the force of policy alone,) to the present case. Courts have heretofore been cautious in extending it, and we feel ourselves bound to tread in their prudent footsteps. We believe that the situation of the defendants in the present case resembles much more strongly that of a warehouseman, or a bailee for hire without special contract to insure. A warehouseman, or the community by whom he may be employed, almost universally receives storage, and yet it will be seen, by consulting the late edition of *Comyn's Digest,* [a] and the authorities there referred to, that he is only bound to take reasonable and common care of the commodity entrusted to his charge. On the previous page of the same book and in 1 *Esp. Cases,* [b] it is laid down, that a bailee for hire is not answerable for the property, if he took the same care of it that a prudent man would take of his own; not, though the loss should arise from the embezzlement of his servants. We think that the defendants in the present action did not incur a greater responsibility than in the cases cited; and, therefore, are of opinion that the Circuit Court were right in their charge, and that this judgement must be affirmed.

[a] Vol. 5, page 468

[b] 315.

