# Nelson *v.* Wood.

### *Trover.*

1. *Contract; what authorizes rescission of.*—A vendee imposed on by the fraud of a vendor, may repudiate the contract of purchase, upon its discovery, and recover back the consideration paid; and the fact that the contract of sale is in writing, will not prevent the admission of parol evidence of the fraud or misrepresentation.

2. *Fraud; how may be shown.*—Where the false representation imputed to the vendor of a patent right to use a certain process of tanning, consists of the statement that leather tanned by the process was as durable as leather tanned with bark, its falsity may properly be shown by the evidence of persons who have tested the durability of leather tanned by it.

3. *Expert; who is.*—The owner of a tan-yard, who has been engaged in the business of tanning for twenty-three years, "seeing the work going on, and knowing how it was done," is an expert as to such matters, though he may have employed others to do the work for him, and is not a "practical tanner."

APPEAL from Clay Circuit Court.

Tried before Hon. HENRY D. CLAYTON.

This was an action brought by the appellee, E. R. Wood, against the appellant, James M. Nelson, to recover damages for the conversion of a certain promissory note. On the trial, Wood, as a witness for himself, testified that in the spring of 1874 he purchased of Nelson the right to use "Peters' Eureka Tanning Process," in the county of Chambers, in this State, for which he paid him the note described in the complaint, and received from him a deed of the right to use said process in Chambers county, and also printed directions for the use of the process; that the defendant, Nelson, represented, when they were negotiating the trade, that this process would tan any kind of hide in from one to thirty days; that it would make as good leather as the old bark process of tanning; that it would tan heavy leather; that the leather tanned by this process was strong and durable; and that at that time Nelson showed him samples of leather, said to be tanned by the "Process," which were very strong and plia-

ble. Defendant objected to any evidence of statements or representation alleged to have been made at or before the sale of the right to plaintiff, upon the ground that the same was illegal, and because the written contract entered into at the time, and the guaranty it contained, were the highest and best evidence of the terms of the trade, and of what was guaranteed by Nelson. Each of these objections was over-ruled by the court, and defendant excepted. Plaintiff further testified that he was not a tanner, and that he had never tried the process of tanning, and of his own knowledge knew nothing of what it would do. Witness also testified that he had a pair of shoes, made out of leather tanned by this process, and that the shoes were of an inferior quality, not lasting as long as shoes made out of leather tanned by the old bark process. To the evidence of this witness concerning the shoes owned by him, defendant objected, the court overruled his objections, and he excepted.

The plaintiff then introduced one Barnes, who testified "that he was not a practical tanner, but had owned a tan-yard for twenty-three years; that he employed a skilled workman to do the tanning in his yard, but that he had looked after his tanning interest in person during these years, and had seen the tanning going on all the while, and knew how it was done." This witness further testified that he bought the "Eureka Process" in 1873 and 1874, and tried it nine or ten months at his tan-yard; that in trying the process he followed the directions printed in a book given him by Nelson, (which directions were shown to be the same as those given by Nelson to plaintiff,) and that in his opinion the process was of no value. Defendant objected to the evidence of the opinion of this witness, on the ground that there was positive evidence that witness was not a practical tanner, and because the evidence failed to show that witness was an expert. The court overruled these objections, allowed the evidence to go to the jury, and the defendant excepted. The jury found for the plaintiff, and judgment was rendered accordingly. Nelson brings the case here by appeal, and assigns the various rulings to which exception were reserved as error.

GEO. W. PARSONS, for appellant.

TAUL BRADFORD, contra.

BRICKELL, C. J.—1. A purchaser, imposed on by the fraud of the vendor, may repudiate the contract of sale upon the discovery of the fraud, and recover back the money or

[Adams v. The State.]

things given as the consideration. The fraud may not be actual—it may consist in the representations. by the vendor of the quality of the thing sold—representations not known to be untrue, but which prove untrue, on which the vendee relied, and had the right to rely. The fact that the contract of sale is in writing, does not preclude the admission of parol evidence of the fraud or the misrepresentation.—*Cozzens v. Whitaker,* 3 St. & Port. 322; *Dixon v. Barclay,* 22 Ala. 370; *Blackman v. Johnson,* 35 Ala. 252.

2. A false representation imputed to the vendor, was that leather tanned by the process, the patent right of which was the subject of sale, was as durable as leather tanned with bark. The falsity of the representation could be properly shown by the evidence of persons who had, by use, tested the durability of leather tanned in each mode.

3. The long acquaintance and ownership of a tan-yard, carrying on the business of tanning, entitled the witness, Barnes, to testify as an expert, though his occupation was not that of a tanner, and he had not, with his own hands, worked in tanning. He had ample opportunities of acquiring superior knowledge in reference to the value of this particular process of tanning, accompanied with practical experience, and this we understand is all that the term *expert* implies. The admission of the evidence is supported by the following decisions of this court: *Spiva v. Stapleton,* 38 Ala. 171; *Cheek v. The State,* 38 Ala. 227; *Moore v. Lea,* 32 Ala. 375; *Winter v. Burt,* 31 Ala. 33; *Tullis v. Kidd,* 12 Ala. 648; *Hall v. Goodson,* 33 Ala. 277.

Affirmed.