# Seals *v.* Edmondson.

*Action against Warehouseman for Loss of Cotton destroyed by Fire.*

| 71 | 509 |
|----|----|
| 106 | 8 |
| .106 | 344 |
| 71 | 509 |
| 112 | 272 |
| 114 | 149 |
| 71 | 509 |
| 116 | 532 |
| 116 | 537 |
| 118 | 132 |
| 71 | 509 |
| 142 | 371 |

1.   *Warehousemen; duty and liability.*—Warehousemen, being of the class of bailees known as paid agents, exercising private employments, their liability and relation are essentially different from those of common carriers ; their duty is to bring to the business in which they are employed reasonable skill and diligence, and they are answerable only for ordinary negligence, and may, by special contract, enlarge or narrow their liability as defined by law, except for losses caused by or through their own fraud.

2.   *Same ; when negligence imputed.*—The general rule is, that if a bailee of goods, liable only for losses occurring from his negligence, upon demand made, fails to re-deliver them, or does not account for a failure to make delivery, *prima facie*, negligence will be imputed to him ; and the burden of proving a loss without the want of ordinary care is devolved upon him.

3.   *Same ; when burden of proof on bailor to show negligence.*—But where, as in this case, there is a full explanation of the failure to deliver on demand, and it is shown that the goods were lost by a cause not involving the bailee in liability, as by fire, the attending circumstances being known to the bailor before demand, and the demand being merely formal, it can not be presumed from the failure to deliver that the bailee has been wanting in care, or has been negligent, and his negligence was the proximate cause of the loss ; and hence, upon the bailor, in a suit by him for damages resulting from the loss, rests the burden of offering some evidence tending to show that the defendant has been guilty of negligence, causing or contributing to the destruction of the goods.

4.   *Same; measure of duty and liability not affected by care taken of their own property similarly situated.*—The liability of a warehouseman, for the safe care and custody of goods intrusted to his keeping, is not determined by the degree of care and diligence which he in fact bestows on his own goods similarly situated.   Whether he is very careless and indifferent about his own goods, or is very prudent and diligent, in either case, the measure of his duty is, to bestow reasonable skill and ordinary diligence in regard to the property intrusted to his custody, to do all that men of ordinary prudence would do under like circumstances.

5.   *Relevancy of evidence; general rule as to.*—The general rule in regard to the relevancy of evidence is, that no fact or circumstance ought to be received, which has not a direct tendency to the proof or disproof of the matters in issue ; and hence, facts and circumstances which, when proved, are incapable of affording any reasonable presumption or inference touching the issues, ought to be excluded.   If, however, it is ap-

[Seals v. Edmondson.]

parent that the fact or circumstance has a tendency to elucidate the issue, however weak and inconclusive it may be of itself, evidence of it ought to be received, and its weight or sufficiency submitted to the jury under proper instructions from the court.

6.   *Warehousemen; what not admissible as evidence of negligence.*—In an action against a warehouseman to recover damages for cotton stored and destroyed by fire, it being shown that the warehouse, a brick structure without a roof, located in the city of Eufaula, was burned, with the cotton stored therein, on Christmas night, and that the city authorities had previously refused to prohibit the explosion of crackers and like fireworks on the streets during the Christmas holidays, the plaintiff, after proof of facts tending to show that the explosion of such fireworks caused the burning of the warehouse and cotton, offered evidence that the defendant owned about seven hundred and fifty bales of the cotton stored in the warehouse, which was insured, and that, on the day before the fire, he obtained additional insurance on his cotton for three days only,—*held*, that the offered evidence was irrelevant and inadmissible, and that the primary court properly refused to allow it to go to the jury.

7.   *Same; usage as to employment of watchman; when admissible.*—In such case, the particular want of diligence imputed to the defendant being the neglect on his part to employ a watchman to guard against the danger of fire in the night time, and especially during the nights when fireworks were exploded on the streets, evidence that the warehouse had been used for the storage of cotton for many years by a former owner, and that during the time of such use fireworks had been exploded in the streets, and a watchman had not been employed to guard or protect it, is competent, as tending to show that the defendant had exercised common or ordinary diligence.

8.   *Opinion of witness as to combustibility of cotton; when admissible.* A witness, who is conversant with, and has had peculiar opportunities of observing, cotton, its nature and quality, and its liability to catch fire and burn, may express his opinion, in a case in which such opinion is relevant to the issues, that if a blazing missile, or a burning coal is applied to cotton, the cotton would thereby be fired immediately, and would burn with such rapidity that its extinguishment would be improbable, if not impossible.

Appeal from Barbour Circuit Court.

Tried before Hon. H. D. Clayton.

This was a suit by David M. Seals against R. Q. Edmondson, to recover damages for the loss of twelve bales of cotton, which the plaintiff had stored with the defendant as a warehouseman, at a stipulated rate of storage, and which were destroyed by fire, on the night of 25th December, 1880, by reason of the alleged negligence and want of proper care and diligence on the part of the defendant.   The defendant pleaded (1) the general issue; (2) "that by the contract under which the plaintiff stored the cotton, mentioned in the complaint, in defendant's warehouse, it was stipulated that said defendant was not to be responsible for the loss of said cotton by acts of Providence, or by fire, and that the said cotton was consumed by an accidental fire, for which defendant was in no way responsible;" and (3) the same facts as are alleged in the second plea, except the words, "for which defendant was in no way responsible," are omitted.   A demurrer was interposed to the third plea, but it

[Seals v. Edmondson.]

does not appear that it was passed on in the lower court. The trial was had on issue joined on the foregoing pleas, as appears from the judgment-entry, and resulted in a verdict and judgment for the defendant.

The plaintiff reserved several exceptions to the rulings of the court on the admissibility of evidence, and also to the giving, at the request of the defendant, of the following charge: "The question in this case is not what Edmondson, the defendant, might have done to prevent the fire, or to put out the fire, but the question is, did Edmondson fail to do anything which ordinary care required of him." The facts disclosed by the evidence, and the exceptions reserved in reference thereto, are sufficiently stated in the opinion.

The rulings of the Circuit Court on questions of evidence, and the charge given at defendant's request, are here assigned as error.

WATTS & SONS, for appellant, cited Story on Bailments, §§ 444, 549, 549a; Wharton on Neg., §§ 47–50, 569, 573, 576; *Hatchett v. Gibson*, 13 Ala. 587; *Hopkins v. M. & O. R. R. Co.*, 41 Ala. 486; *Hailey v. Falconer*, 32 Ala. 536; 1 Brick. Dig. p. 809, §§ 81–2; *Johnson v. State*, 17 Ala. 618; *Harrell v. Mitchell*, 61 Ala. 270; *Spiva v. Stapleton*, 38 Ala. 171; *Weaver v. Ala. Coal Min. Co.*, 35 Ala. 176; *Jones v. Fort*, 36 Ala. 449; *Gilmer v. City Council*, 26 Ala. 665.

G. L. COMER, S. H. DENT and PUGH & MERRILL, *contra*, cited *M. & G. R. R. Co. v. Prewitt*, 46 Ala. 63; *Ala. & Tenn. R. R. Co. v. Kidd*, 35 Ala. 209; Story on Bailments, §§ 23, 31, 62, 79, 450a, 456; *Gibson v. Hatchett & Bro.*, 24 Ala. 201; S. C., 13 Ala. 587; *Grey's Ex'r. v. Mobile Trade Co.*, 55 Ala. 387, and authorities cited; *Moore v. Mayor*, 1 Stew. 284; *Steele v. Townsend*, 37 Ala. 247; Story on Bailments (8th Ed.), §§ 549a, 549b, 30–35.

BRICKELL, C. J.—Warehousemen are of the class of bailees known as paid agents, exercising private employments, whose liability and relation is essentially different from that of common carriers. Their duty is to bring to the business in which they are employed reasonable skill and diligence, and they are answerable only for ordinary negligence.—*Moore v. Mayor*, 1 Stew. 284; *Hatchett v. Gibson*, 13 Ala. 587; S. C., 24 Ala. 201; *Jones v. Hatchett*, 14 Ala. 743. As they do not exercise a public employment; as they are at liberty to select their own customers, to accept only such business or service as they may choose, and to fix the measure of compensation to be paid for their services, they have the right by special contract

[Seals v. Edmondson.]

to enlarge or to narrow their liability as, in the absence of contract, it is defined by law.—*Alexander v. Greene*, 3 Hill, (N.Y.) 9. The only limitation upon the powers of such a bailee, to protect himself against losses occurring in the course of his employment, seems to be, that he shall not stipulate for immunity from responsibility for his own fraud. "For the law will not tolerate such an indecency and immorality, as that a man shall contract to be safely dishonest. It, therefore, declares all such contracts utterly void; and holds the bailee liable, in the same manner and to the same extent, as if no such contract ever existed."—Story on Bailments, § 32.

Whether the receipts given by the defendant, on the storage of the cotton, are to be deemed special contracts, and the clause found in them, "acts of Providence and fire excepted," ought to be construed as a limitation of his liability, relieving him if losses occurred from these causes, unless he was guilty of fraud, though a want of ordinary diligence could be traced to him, does not appear to have been a matter of contention in the Circuit Court. The rulings of the court now assigned as error do not involve a consideration of the question. They seem to proceed upon the supposition that he was liable for ordinary negligence; liable if he had not exercised that degree of diligence which would be exercised by men of common prudence engaged in the like business, and under like circumstances.

The general rule is, that if a bailee of goods, liable only for losses occurring from his negligence, upon demand made, fails to redeliver them, or does not account for a failure to make delivery, *prima facie*, negligence will be imputed to him; and the burden of proving a loss without the want of ordinary care, is devolved upon him.—*Schmidt v. Blood*, 9 Wend. 268; *Platt v. Hibbard*, 7 Cowen, 500, *note a; Cass v. Boston & Lowell R. R. Co.*, 14 Allen, 448; *Claflin v. Meyer*, 75 N. Y. 260. The rule is founded upon necessity, and upon the presumption that a party who from his situation must have peculiar, if not exclusive knowledge of facts, if they exist, is best able to prove them. If the bailee, in whose possession and under whose care and control goods are, will not account for the refusal or failure to deliver them on demand of his principal, it is not a violent presumption, that he has wrongfully converted, or wrongfully retains them. Or if there was injury to, or loss of them during his possession, it is for him to show the circumstances, acquitting himself of a want of the care in keeping them it was his duty to bestow. But where, as in the present case, there is full explanation of the failure to deliver on demand, and it is shown that the goods have been lost by a cause not involving him in liability, as by fire, or by theft, or by the violence of nature, it can not be justly pronounced that he has been wanting in care

[Seals v. Edmondson.]

—that he has been negligent, and his negligence was the proximate cause of the loss.—*Claflin v. Meyer, supra; Lamb v. Camden & Amboy R. R. Co.*, 46 N. Y. 271. But, as is observed in *Claflin v. Meyer, supra*, it must not be understood that a warehouseman or other bailee, bound to the duty of taking care of and delivering goods, can excuse a failure or refusal to deliver, or impose upon his principal any necessity of proof, by merely alleging as an excuse that they have been lost by causes which relieve him from liability, if he has not been negligent. The fact of the loss from such causes must appear with reasonable certainty, or his failure to deliver will be regarded as *prima facie* evidence of negligence.

It is in the light of these principles the questions arising in this case must be examined and decided. The loss of the cotton by fire, and the attending circumstances were known to the plaintiff before the demand for delivery, and the demand was merely formal; compliance with it was not expected, and was known to be impossible. Upon the plaintiff, therefore, rested the burden of offering some evidence tending to show that the defendant had been guilty of negligence, had been wanting in the care a prudent man in like circumstances would have taken of his own property, which caused or contributed to the destruction of the cotton. Having shown that the warehouse, a brick structure without a roof, was located in the city of Eufaula, and was burned with the cotton stored therein on the night of December 25th, 1880, the authorities of the city having refused to prohibit the explosion of crackers and like fireworks in the streets during the Christmas holidays, offered some evidence having a tendency to show that such explosions caused the burning of the warehouse and cotton. In this connection, evidence was offered that the defendant owned about seven hundred and fifty bales of the cotton stored in the warehouse, and had it covered by insurance; and on the day before the burning, he obtained additional insurance for three days only. The rejection of this evidence, on the objection of the defendant, forms the matter of the first and second exceptions.

The general rule in regard to the relevancy of evidence is, that no fact or circumstance ought to be received which has not a direct tendency to the proof or disproof of the matters in issue. Facts and circumstances, which, when proved, are incapable of affording any reasonable presumption or inference touching the issues, ought to be excluded. They serve to distract and divert the attention of the jury from the material facts and from the real issues, and lead to uncertainty and insecurity in the administration of justice.—*Magee v. Billingsley*, 3 Ala. 679; *Governor v. Campbell*, 17 Ala. 566. On the other hand, if it is apparent the fact or circumstance has a tendency

33

to elucidate the issue, however weak and inconclusive it may be of itself, evidence of it ought to be received, and its sufficiency or weight submitted to the jury under proper instructions from the court.—1 Brick. Dig. 808–9, §§ 77–82. The inquiry is, whether this evidence was pertinent and had a tendency to show negligence or a want of ordinary diligence in taking care of the cotton, and protecting it from the danger of destruction by fire.

The argument in support of the relevancy of these facts is, that it indicates the apprehensiveness of the defendant that there was danger of loss or destruction by fire of goods stored in his warehouse, and the inference to be drawn is, that such apprehension required he should exercise a higher degree of diligence than would have been necessary if he had not indulged them. The duty of a bailee is dictated and measured by circumstances, and varies with them, of necessity. That which would be reasonable diligence at one time, in one locality, in the absence of impending danger, might at another time, in another locality, and in the presence of danger, become mere recklessness. The existence or standard of negligence or diligence is not, however, the degree of care which he may exercise in reference to his own property; nor is the presence or absence of hazards or perils to be determined by inquiring into indifference to them, or fearfulness or apprehensiveness of them. His power over his own property, the care which he employs in guarding it, is a matter about which he may exercise his own discretion, so long as he works no injury to the property of others—he may be indifferent or reckless, or he may exercise the highest prudence, and employ all proper and legal means to indemnify himself, if loss should occur. The measure of his duty is, to bestow reasonable skill and ordinary diligence in regard to the property entrusted to his custody—doing all that men of ordinary prudence would do under like circumstances, without regard to the care he may exert for himself. The insurance of his own cotton justified only the inference, that he preferred paying the premiums, rather than take upon himself the exclusive risk of its loss—that, in regard to his own interests, he exercised the highest degree of care and prudence. The plaintiff, to whom all the facts were known, could have been equally careful, and covered his cotton with insurance. For him, the defendant had no authority, without special instructions, to effect insurance. And if such instructions were given and were not obeyed, the liability of the defendant, if a loss occurred, would not have been for negligence as a bailee, but for the disobedience of instructions it was a duty to follow. If it be assumed, that the defendant was induced to take additional insurance for three days, because of his apprehensiveness of in-

creased danger from loss by fire during that period, we repeat, it is not by inquiring into his apprehensions or fears, that the existence of danger is to be ascertained. They were not shared in, if he had them, by others who were as well informed of the facts from which it is supposed the danger arose. The city authorities, bound to the duty of protecting persons and property within the city, refused to prohibit the use and explosion of crackers and other like fireworks in the streets, the inference from which is, that they did not apprehend any special danger from them. The tendency of the evidence, if admitted, would have been the diversion of the attention of the jury from the main point and real issue in controversy, the degree of care the law enjoined upon the defendant, and whether he had exercised it, into an inquiry as to the degree of care he exercised touching his own property. That inquiry would have been as pertinent, if a loss had occurred from his negligence, and he justified or excused himself, because he was also negligent in taking care of his own property, and at the same time and from the same cause lost it.

The third, fourth and fifth exceptions involve the same question, and may be considered in connection. As a general rule, the mere opinions of a witness, not an expert, or his inferences or conclusions are not admissible.evidence. The theory of the plaintiff was, that the cotton in the warehouse had been fired from the explosion of fireworks in the streets. The theory was combatted by the defendant, and he introduced evidence tending to show that the fire did not occur until some hours after these explosions had ceased. In this connection, witnesses who had been engaged in the cotton business, and had seen the burning of cotton, were permitted to state that if a blazing missile or a burning coal had been applied to the cotton, it would have been fired immediately, and burned with such rapidity that its extinguishment would have been improbable, if not impossible. This is the substance of the evidence, and we understand from the recitals in the bill of exceptions, that the witnesses had been engaged in the cotton business, that from their employment or pursuits they had peculiar opportunities of observing cotton, its nature and quality, and its liability to catch fire and burn; that cotton is peculiarly combustible—that it is its nature to take fire quickly, and to burn rapidly, is a fact to which any witness having knowledge of it may testify. The fact was involved in the evidence we are considering, and, without stating the fact itself, a witness could probably state the inference involved in it.—1 Whart. Ev. § 510. But how far this may be true, is not material, for the witnesses were peculiarly conversant with cotton, and with propriety could express an opinion as to its combustibility, and the difficulty of extinguishing fire

[Home Insurance Co. v. Adler.]

burning it, as, after examination, they conld, if material, have expressed an opinion as to its marketable grade or classification, and consequent value.—*Spiva v. Stapleton*, 38 Ala. 171; *City Council v. Gilmer*, 33 Ala. 133.

The sixth exception involves the admissibility of evidence that the warehouse had been used for the storage of cotton for many years by a former owner; that during the time of its use fire missiles had been shot off in the streets, and a watchman had not been employed to guard or protect it. We can perceive no just objection to this evidence. The particular want of diligence imputed to the defendant, was the neglect to employ a watchman to guard against the danger of fire in the night time, and especially during the nights when there was the explosion of fireworks in the streets. If such had not been the usage, the fact was material in determining whether a want of common or ordinary diligence could be imputed to the defendant. Common or ordinary diligence, in the sense of the law, is said by Judge Story to be the common prudence men generally exercise about their own affairs in the age and country in which they live.—Story on Bailm. § 11. It is only under peculiar circumstances that a bailee can be regarded as negligent, if he employs the diligence which is employed by others, engaged in the same business, in the same community with himself.

The charge given by the Circuit Court may be subject to some criticism, but it expresses the proper criterion of the liability of the defendant—a failure or an omission to do any thing which ordinary care required of him.

We find no error in the record, and the judgment must be affirmed.