(92 South. 803)

**BIRMINGHAM TERMINAL CO. v. THOMAS. (6 Div. 636.)**

(Supreme Court of Alabama. April 20, 1922.)

**1. Carriers ⟜408(3)—Right to storage charges held to make terminal station company lucrative bailee, so allegation of its negligent failure to deliver on demand was sufficient.**

The right of a terminal station company to charge storage on baggage left with it after the first 24 hours gives it a contingent benefit sufficient to charge it with liability for such baggage as upon a lucrative bailment, so that an allegation that the company had negligently failed to deliver the baggage to plaintiff on demand was sufficient.

**2. Carriers ⟜405(1)—Terminal station company cannot contract against liability for its negligence.**

A terminal station company cannot by contract relieve itself of its common-law liability for its own negligence, in view of Gen. Acts 1915, p. 710, § 3, since it was engaged in a public business connected with the common carriage of passengers.

**3. Carriers ⟜397½ — Intent to use pass fraudulently does not defeat recovery for baggage negligently lost before being checked.**

Where a terminal company had lost plaintiff's trunk before plaintiff appeared to check it to her destination, the fact that plaintiff intended to use a pass issued to another in fraud of the rights of the carriers did not relieve the terminal company from liability for the loss of the trunk.

**4. Carriers ⟜400—Terminal station company is liable for full value of baggage lost before it was checked.**

A terminal station company is liable for the full value of property in a trunk which was lost by it before being checked, notwithstanding a rule limiting liability to $100 unless a greater value was declared, since the trunk was lost before the time at which such value could have been declared.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action by Pearl Thomas against the Birmingham Terminal Company for damages for loss of a trunk. Judgment for the plaintiff, and the defendant appeals. Transferred from Court of Appeals, under section 6, Acts 1911, p. 449. Affirmed.

Count 4 is as follows:

"Plaintiff claims of the defendant the sum of $500 as damages, for that on, to wit, November 30, 1920, defendant was engaged in the business of operating the Terminal Station in Birmingham, Ala., and in said business receive baggage and hold same until said baggage is ordered or demanded delivered to the person leaving same with them, or some other person or corporation, at their instance and request, and defendant makes no charge for holding same for the first 24 hours of storage, but, if said baggage is held by defendant exceeding 24 hours, the owner must pay the defendant 25 cents for the 24 hours or fraction thereof, and 10 cents for each succeeding 24 hours or fraction thereof, not to exceed a maximum charge of $1 per month.

"Plaintiff further avers that on said date the defendant received from plaintiff for storage on the terms above set out one trunk and the contents thereof, consisting of dresses, wearing apparel, and one wrist watch, and negligently failed and refused to deliver said trunk and its contents to plaintiff on demand therefor by plaintiff."

The following special pleas were interposed by the defendant:

"Plea 4. For further plea and answer to each count of the complaint, separately and severally, defendant says that it received said trunk as agent of the Southern Railway Company, a common carrier of passengers between Birmingham, Ala., and Atlanta, Ga., and one of the railroads entering said Terminal Station, said trunk received for checking for transportation as baggage of the plaintiff between the points of Birmingham, Ala., and Atlanta, Ga., over said Southern Railway; that it was provided by the tariffs of the said Southern Railway, duly filed with the Interstate Commerce Commission at Washington, D. C., and attached hereto and made a part hereof as Exhibit A, that unless a greater value was declared at the time said trunk was received by said carrier, or its agents, the said carrier and its agents should not be liable for the loss of baggage for a greater value than the sum of $100. And defendant avers that no value on said trunk and contents was declared by the plaintiff. Wherefore defendant says that, if liable to the plaintiff, it is not liable for more than the said sum of $100. * * *

"Plea 6. For further plea and answer to each count separately and severally defendant says that as a part of the contract sued on plaintiff agreed with defendant that, in case of the loss of said trunk and contents while in defendant's possession, defendant should be liable to the plaintiff in the sum of $100 only, and the defendant avers that said trunk and contents were lost at the time of demand nor has same been in defendant's possession since the same was lost. Wherefore defendant says, if liable to the plaintiff, it is liable only in the sum of $100.

"Plea 7. For further plea and answer to each count of the complaint, separately and severally, defendant says that it received said trunk as agent of the Southern Railway Company, a corporation, then and there a common carrier of freight and passengers between Birmingham, Ala., and Atlanta, Ga., among other points; that said trunk was presented by plain-

---

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tiff and received by defendant as above set out to be transported by the said Southern Railway Company as such common carrier upon a pass for free transportation issued to one John Garrison from Birmingham, Ala., to Atlanta, Ga.; it being provided in said pass as one of the considerations therefor that there should be no liability for the loss of any property transported under said pass. Defendant avers that said trunk was not delivered on said demand because the same had been lost; wherefore defendant says that it is not liable to the plaintiff in this suit. * * *

"Plea 9. Now comes defendant and for plea and answer to each count of the complaint separately and severally says that at the time of the alleged receipt of said trunk and contents it was receiving and storing only trunks and baggage to be checked and transported as baggage on the railroads entering defendant's said terminal station, on tickets or transportation held and owned and presented by the lawful owner of said trunks and baggage, and would not otherwise receive baggage or property; that this was known to plaintiff, and with such knowledge she presented said trunk and contents to defendant to be held for checking and transportation on the Southern Railway, a railway entering said Terminal Station from Birmingham, Ala., to Atlanta Ga.; that plaintiff, in violation of said rule of defendant and in violation of the statutes of the state of Alabama, and without informing defendant of the same, and without defendant's knowledge, presented said trunk and contents to defendant to be received and checked and transported on said Southern Railway from Birmingham, Ala., to Atlanta, Ga., on a free pass for transportation on said Southern Railway which was issued to another, to wit, one John Garrison, and not the property of the plaintiff, all of which was in violation of the said rules of defendant and the rules of said Southern Railway Company, and the laws of Alabama, and of which, if defendant had knowledge, it would not have accepted said trunk and contents at all. Wherefore defendant says that said contract sued on was illegal, and plaintiff is not entitled to recover therefor in this suit."

The following charges were refused to the defendant:

"(2) The court charges that under the evidence in this case, if a person presents a piece of baggage to a carrier to be transported as baggage from Birmingham, Ala., to Atlanta, Ga., and fails to declare a greater value than $100, then under the law in case of loss of such baggage the owner cannot recover more than $100 with interest.

"(3) If the jury believe from the evidence that the trunk and contents in question in this case were received by the defendant as the agent of the Southern Railway Company for transportation as baggage from Birmingham, Ala., to Atlanta, Ga., then, in the event plaintiff should be entitled to recover, she could not recover for more than the sum of $100 with interest.

"(4) Under the issues and evidence in this case, if the plaintiff presented her trunk and contents for transportation as baggage over the Southern Railway Company on a pass issued to John Garrison, and the trunk and contents were received by the defendant as agent for the Southern Railway Company, for transportation on such a pass, then the court charges the jury that the plaintiff would be bound by the provision of the pass exempting the carrier from liability for any loss of such baggage."

(5) Same as 4, except it requires a finding for the defendant whether the trunk was lost or not.

Stokely, Scrivner & Dominick, of Birmingham, for appellant.

An illegal contract cannot be enforced, and there can be no action thereon. 13 C. J. 493; 177 Ala. 313, 58 South. 193; 51 South. 608; 158 Ala. 117, 48 South. 345; 73 Ala. 200, 49 Am. Rep. 48. The use of a free pass by one to whom it has not been issued, or an attempt to use it to transport the property of another, is illegal. Acts 1907, p. 105.

Black & Harris and T. E. McCullough, all of Birmingham, for appellee.

The law will not undertake to determine the adequacy of the consideration sufficient to support a bailment for hire. 106 Ala. 340, 17 South. 449, 28 L. R. A. 716; 116 Ala. 520, 22 South. 976. The one undertaking is held to such a degree of care in the business as in fact he undertook to bestow. 5 Ala. 114, 14 Ala. 249, 48 Am. Dec. 97; 92 Eng. Rep. 107; 6 South. 762. The defendant could not limit its liability arising out of its own negligence. 37 Ala. 247, 79 Am. Dec. 49; 146 Ala. 412, 41 South. 752, 8 L. R. A. (N. S.) 369, 119 Am. St. Rep. 41, 9 Ann. Cas. 1143; 5 Ala. App. 596, 59 South. 670. Nor can liability be escaped because a stranger or a third person violated or intended to violate the law. 124 Ala. 580, 27 South. 416; 180 Ala. 489, 61 South. 372.

SAYRE, J. [1] This case went to the jury on count 4 of the complaint. The objection to this count, taken by demurrer, is that, since defendant held plaintiff's trunk for less than 24 hours, for which time no charge was made, defendant was a bailee for the benefit of the bailor only, was bound to exercise slight diligence only, and was therefore answerable for gross negligence only, and the complaint exacted too high a degree of care. We think the count is not open to this criticism even though "negligently" were construed as defendant (appellant) seems to construe it. Enough appears on the face of the count—pretermitting consideration of defendant's relations with carriers, which is left to inference—to disclose a contingent benefit, to accrue to the bailee, sufficient to charge defendant as upon a lucrative bailment. Prince v. Ala. State Fair, 106 Ala. 340, 17 South. 449, 28 L. R. A. 716. Defendant best knew what care it had taken of

plaintiff's property, and an allegation that it had negligently failed and refused to deliver on demand was sufficient. Leach v. Bush, 57 Ala. 145; Seals v. Edmondson, 71 Ala. 509.

[2] It is enough to say of defendant's special plea 6 that defendant could not by contract relieve itself of its common-law liability for its own negligence. 6 C. J. 1112; A. G. S. v. Thomas, 83 Ala. 343, 3 South. 802; Gen. Acts 1915, p. 710, § 3. Herein we assume that defendant was' engaged in a public business, connected with the common carriage of passengers, and hence not controlled by the authority of Seals v. Edmondson, supra, on this point.

[3] Defendant's special plea 9 was insufficient because the facts therein alleged do not show a fraudulent imposition on defendant of a contract contrary to the rule of its business, and, in any event, the facts alleged do not suffice to relieve defendant altogether of the duty to account to plaintiff for her property, as the plea purports to do. It will hardly be contended that, because plaintiff expected or intended to get her trunk transferred by the railroad as the baggage of another who expected or intended to ride on a pass which had expired, defendant was relieved of all duty to account to plaintiff for her trunk. Such consequence could hardly be attached to an abortive intent to commit fraud on plaintiff's part. And yet such is the purport of this plea. We assume that the trial court sustained some such objection to the plea; the grounds of the demurrer not being set out in the record.

Plaintiff was entitled to the general charge against plea 7 for the reason that there was no evidence to sustain the allegation that defendant received plaintiff's trunk "to be transported * * * upon a pass for free transportation," said pass providing that "there should be no liability for the loss of any property transported under said pass," nor was there any evidence that plaintiff's trunk was lost in transportation. Like considerations dispose of the assignment of error based upon the giving of the general charge against a verdict for defendant on plea 2.

[4] There was no evidence going to show that plaintiff's trunk ever came within the rule set up in plea 4 limiting liability to $100 in the event the owner declared no greater value upon delivery to the carrier. When plaintiff or her agent applied for the trunk in order to have it delivered to the carrier for transportation, it had been lost already. In other words, charge 2, requested by defendant, was a mere abstraction, and there was no error in its refusal. Nor was there any evidence in support of charges 3, 4, and 5, refused to defendant.

The general charge on the whole case was properly refused.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.