(99 South. 73)

## CENTRAL OF GEORGIA RY. CO. v. HAMMOND. (4 Div. 876.)

(Court of Appeals of Alabama. Nov. 20, 1923. Rehearing Denied Dec. 18, 1923.)

Railroads ☞411(8)—Contract absolving railroad from liability for negligent injury to animals void.

A contract, under which a railroad furnished fencing material to the owner of property adjoining its right of way, to be used in fencing his · property off from the right of way and which provided that such owner would "indemnify and hold harmless the railway company against any and all loss, damage, liability, or expense, for injury or damage to his cattle, horses, etc., * * * caused or contributed to by the railway company * * * without regard to negligence," *held* void as against public policy.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Action for damages by G. A. Hammond against the Central of Georgia Railway Company for the killing of a hog. From a judgment for plaintiff, defendant appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Central of Georgia Railway Co., 210 Ala. 687, 99 South. 74.

Reid & Doster, of Dothan, for appellant.

The agreement in question was supported by a sufficient consideration, and is not in violation of public policy. M., K. & T. v. Zuber, 76 Okl. 146, 184 Pac. 452, 7 A. L. R. 840; Gleadell v. Thomson, 56 N. Y. 194; Lamb v. Camden, 46 N. Y. 271, 7 Am. Rep. 327; Dorr v. N. J. Steam Nav. Co., 6 N. Y. Super. Ct. 137.

T. M. Espy, of Dothan, for appellee.

One cannot contract against liability for his own negligence. Hissong v. R. & D., 91 Ala. 517, 8 South. 776; L. & N. v. Orr, 91 Ala. 548, 8 South. 360; W. U. Tel. Co. Case, 6 Ala. App. 351, 59 South. 757; Chamblee's Case, 122 Ala. 428, 25 South. 232, 82 Am. St. Rep. 89; Crawford's Case, 110 Ala. 460, 20 South. 112; A. G. S. R. Co. v. Thomas, 83 Ala. 343, 3 South. 802; B. T. Co. v. Thomas, 207 Ala. 363, 92 South. 803; 6 C. J. 1112.

BRICKEN, P. J. G. A. Hammond brought this action against the Central of Georgia Railway Company to recover the sum of $75 for the negligent killing of his brood sow by the defendant.

The defendant company interposed its plea of the general issue, and a special plea numbered 2 under which the defendant claimed exemption from liability for the negligent killing of said brood sow, under a certain contract which is made a part of said special plea.

Under the contract in question the defendant company furnished to the plaintiff a quantity of wire fencing, which was to be used by the plaintiff in fencing off his lands from the right of way of said railway company, and by which he agreed to construct and maintain, at his own expense, the said fence in such a manner as to prevent plaintiff's cattle, horses, live stock, and other animals from going through, over, or under said fence onto the railway company's right of way or railroad track. Said wire fencing was furnished by the railway company free of charge, and for the purposes hereinabove set out. Section 4 of said contract contains an agreement upon the part of plaintiff to indemnify and hold harmless the railway company against loss for injury or damage to plaintiff's live stock, and is as follows:

"To indemnify and hold harmless the railway company against any and all loss, damage, liability, or expense for injury or damage to his cattle, horses, live stock, and other animals or poultry which may be caused or contributed to by the railway company or its employees or by the running of its engines, cars, or vehicles of any description, and this without regard to negligence."

The special plea alleges that, if the hog in question was killed by defendant's train, it was killed since the execution of said contract and on the track of the railway company where its right of way passed through "plaintiff's said lands." There is no averment in the plea that the hog in question was not negligently killed by defendant's train.

Plaintiff demurred to defendant's special plea No. 2 upon numerous grounds, including the grounds, first, that the facts set forth in said plea are no answer to plaintiff's complaint; third, because the contract set up in said plea was against public policy and void; fourth, because the contract set up in said plea was a contract against defendant's negligence; fifth, because the contract set up in said plea undertakes to relieve or exempt defendant from its own negligence.

These grounds of demurrer, in our opinion, pertinently present the question at issue between the plaintiff and the defendant. The trial court sustained the plaintiff's demurrer to defendant's special plea No. 2.

Issue was joined between the plaintiff and defendant on the defendant's plea of the general issue, and the case was tried before a jury, who returned a verdict in behalf of the plaintiff and assessed his damages at $65, and judgment was accordingly entered in behalf of the plaintiff for said sum, together

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

with the costs which had accrued in said cause.

From this judgment the, defendant prosecutes its appeal to this court, and assigns as error the judgment of the trial court in sustaining plaintiff's demurrer to defendant's plea No. 2.

Paragraph 4 of the contract set out in defendant's plea 2, and hereinabove set out in full, according to the language therein used, is a manifest undertaking on the part of the defendant railway company to relieve itself of all loss, damage, liability, or expense for injury or damage to the plaintiff's cattle, horses, live stock, and other animals, which included plaintiff's brood sow, and this without regard to the negligence of the railway company in the operation of its engines, trains, and cars. This the railway company could not do, and it is manifest that the clause of said contract under which the defendant railway company seeks to exempt itself is against public policy, and is void. 6 Cor. Jur. 1112; Ala. Great Southern Railway Co. v. Thomas, 83 Ala. 343, 3 South. 802; Birmingham Terminal Co. v. Thomas, 207 Ala. 363, 92 South. 803.

The trial court did not err in sustaining demurrers to the defendant's special plea 2. The case must therefore be affirmed.

Affirmed.