(99 South. 74)

### Ex parte CENTRAL OF GEORGIA RY. CO.

### CENTRAL OF GEORGIA RY. CO. v. HAMMOND.

### (4 Div. 110.)

(Supreme Court of Alabama. Jan. 24, 1924. Rehearing Denied Feb. 14, 1924.)

1. **Railroads** ⬅️424 — **Permitting animals to run at large not contributory negligence.**

In the absence of fence law, the owner of domestic animals may permit them to run at large, and their presence on a railroad track affords no ground of contributory negligence, precluding recovery for injuries to them.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Railroads ☞411(8) — Contract absolving railroad from liability for negligent injury to animals void.**

A contract attempting to absolve a railroad from liability for the consequences of neglect of its statutory duty under Code 1907, §§ 5473, 5476, requiring the engineer of a train upon perceiving any obstruction on a track (including domestic animals) to use all means to stop, *held* void as against public policy.

Petition for Certiorari to Court of Appeals.

Petition of. the Central of Georgia Railway Company for certiorari to the Court of Appeals to review and revise the judgment and decision there rendered, in the case styled Central of Georgia Railway Co. v. Hammond, 99. South. 73. Writ denied.

Reid & Doster, of Dothan, for petitioner.

Where the track is fenced under agreement, as here, the railway company is not liable for injury to stock, unless wilfully or wantonly inflicted. 3 Elliott on R. R. (3d Ed.) 638; 11 R. C. L. 978; 257 Ill. 491, 100 N. E. 942, 44 L. R. A. (N. S.) 1127, Ann. Cas. 1914A, 1202; 49 Am. Dec. 270; A. G. S. v. Demoville, 167 Ala. 292, 52 South. 40C; Bond v. Evansville. etc., R. Co., 100 Ind. 301; Aller & Co. v. West Ry., 192 Ala. 507, 68 South. 361; 33 Cyc. 1173; 25 Vt. 150, 60 Am. Dec. 251; Hartford F. Ins. Co. v. C. M. & St. P., 175 U. S. 91, 20 Sup. Ct. 33, 44 L. Ed. 84. The contract in question is not in violation of public policy. Code 1907, §§ 5653, 5654.

Espy & Hill, of Dothan, opposed.

One cannot contract against liability for his own negligence; such contracts violate public policy. Hissong v. R. & D. R. Co., 91 Ala. 517, 8 South. 776; A. G. S. v. Thomas, 83 Ala. 343, 3 South. 802; B. T. Co. v. Thomas, 207 Ala. 803, 92 South. 803; 6 C. J. 1112; L. & N. v. Orr, 91 Ala. 548, 8 South. 360; W. U. Tel. Co. v. Anniston Cordage Co., 6 Ala. App. 351, 59 South. 757; Chamblee's Case, 122 Ala. 428, 25 South. 232, 82 Am. St. Rep. 89; Crawford's Case, 110 Ala. 460, 20 South. 112.

SAYRE, J. Considering the argument for error urged against the opinion and judgment of the Court of Appeals, we think it well to add something to what has been said by that court.

In Alabama Great Southern Ry. Co. v. Demoville, 167 Ala. 292, 52 South. 406, it was held that ordinarily a contract exempting a railroad company from liability for negligently burning property not on the right of way or premises of the company would be void; but, where property is placed on a railway right of way by virtue of a contract in which the owner releases the company from liability on account of fire, the company will not be held liable, even when the fire is set out negligently—this on the authority of 3 Elliott on Railroads, §§ 1235, 1236. The reason for the stated exemption was set out by the Supreme Court of Iowa in Griswold v. Illinois Central Railroad, 90 Iowa, 265, 57 N. W. 843, 24 L. R. A. 647, as quoted by the Supreme Court of the United States in Hartford Ins. Co. v. Chicago, etc., Railway, 175 U. S. 91, 20 Sup. Ct. 33, 44 L. Ed. 84. It is, in brief, that a contract is not void as against public policy, unless it is injurious to the interests of the public, or contravenes some established interest of society, that buildings can only be placed on a railway right of way by consent of the company and on conditions prescribed by it, that the public has no interest in such contract, and its enforcement works no injury to the public. Such discussions are not here in point.

[1, 2] A different question is presented by the case under consideration. Plaintiff sued for that, to state the complaint in a general way, defendant negligently ran its train against plaintiff's hog, thereby destroying it. At the common law, as it existed in England and in a great number of states in this country, the owner of animals is bound, at his peril, to keep them confined on his own premises. Hence the rule in those jurisdictions—in the absence of statute—that where animals are injured on the right of way the company is not liable, unless the injury results from wantonness or willfulness on the part of the railway employés. 3 Elliott on Railroads (3d Ed.) § 1695. In this state things are differently ordered. In the absence of fence law, the owner may permit his animals to run at large, so that their presence on a railroad track affords no ground of contributory negligence. South & North v. Williams, 65 Ala. 74. And the public policy of the state is established by the statute providing that the engineer, or other person having control of the running of a locomotive on any railroad, must, on perceiving any obstruction on the track—including domestic animals, as the court has held—use all means, etc., to stop the train, and the burden is on the company to show that there was no negligence on the part of the company or its agents. Code, §§ 5473, 5476. Any contract contravening the policy thus established is void.

The contract between plaintiff and defendant, set out in plea 2, was in contravention of the policy established by the statute, and is void to the extent it attempts to absolve defendant from liability for the consequences of neglect of its statutory duty in the operation of its trains. Hissong v. Richmond & Danville, 91 Ala. 517, 8 South. 776; Alabama Great Southern v. Thomas, 83 Ala. 343, and cases cited in the last place on

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

page 348, 3 South. 802. In respect to the question under consideration it makes no difference that defendant's right of way had been fenced at its expense in part. The parties knew that the fence would diminish the risk of injury to plaintiff's stock, whether by accident or negligence, from the operation of defendant's trains, and they must be held to have contracted upon that consideration. But the contract did not operate to relieve defendant of liability for negligence.

The Court of Appeals appears to have assumed all this as the settled law of the state, as in principle it is, though there has been no case involving its present application; but this law has been denied in the brief for petitioner. Hence our statement and citation of authorities on which it is based.

Writ denied.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.