NEW ORLEANS & N. E. R. Co. *v.* THIGPEN*

[105 So. 481.   No. 25019.]

(Division B.   Oct. 5, 1925.)

CARRIERS.  *Railroad company, accepting trunk of person intending to become passenger, who on account of loss of trunk did not become passenger, is bailee for hire, and not gratuitous bailee.*

Where a railroad company accepts a trunk delivered to it by a drayman for a person intending to take a train a few hours later, and stores it in its depot, and it is taken therefrom by third parties, and is not available to the person intending to take passage on its trains when such person comes to take passage, and on account of such loss of the trunk the passenger does not buy a ticket and take passage, the carrier is a bailee for hire, and not a gratuitous bailee.

*Headnote 1. Carriers, 10 C. J., Section 1572.

APPEAL from circuit court of Jones county, second district.

HON. R. S. HALL, Judge.

Action by W. H. Thigpen, by next friend, Lynch Thigpen, against the New Orleans & Northeastern Railroad Company.   Judgment for plaintiff, and defendant appeals.   Affirmed.

*Bozeman & Cameron,* for appellant.

*Railroad company here was a mere gratuitous bailee, or at most a warehouseman.* Under the circumstances of this case the appellant was nothing more than a gratuitous bailee. No consideration whatever passed to it for the service, the benefit of which the plaintiff claimed below. The railroad company was under no obligation to accept the baggage. See section 6697, Hemingway's Code.

Aside from our statute, this seems to be the rule as laid down by the general statements of the law. 10 C. J. 1197; *Atlanta Terminal Company* v. *American Baggage, etc., Co.,* 125 Ga. 677, 55 S. E. 711. See to the same effect 5 Elliott on Railroads (3 Ed.) sec. 2514 and note. We insist, therefore, that under the facts of this case the liability of the railroad was only that of gratuitous bailee.

If we should be mistaken in this, however, we submit that the liability would certainly be confined to that of mere warehouseman and not to that of a common carrier. For instance, in 5 Elliott on Railroads (3 Ed.), par. 2731, it is stated that: "It has already been shown that the carrier sustains the relation of warehouseman towards goods stored for future shipment until such shipment is directed."

If we are correct in our contention that the railroad company was liable only as gratuitous bailee, plaintiff would have to show gross negligence on the part of the railroad company; and in this he wholly failed; and the peremptory instruction should have been given.

If the railroad company was liable as bailee for hire, or warehouseman, its liability would be dependent upon negligence and the burden would be upon plaintiff to show the negligence relied upon. See 5 Elliott on Railroads (3 Ed.), par. 2731; 26 A. L. R. 223 and note. Compare *Meridian Association* v. *Birmingham Street Railway Company,* 70 Miss. 808.

Under these authorities it is respectfully submitted that the plaintiff wholly failed to make out a case of

negligence against the defendant. It appears without controversy both from the evidence of the plaintiff and defendant below, that the baggage room was robbed and the trunk of plaintiff taken. It also appears without contradiction that the building was a substantial one having only one door, and that was provided with a standard lock; and that the key was kept in a proper place. Indeed, the key was never removed and whoever stole the trunk evidently broke the lock to the depot and threw it away.

This being true, we submit that the peremptory instruction asked by the appellant should have been given and that the case should be reversed because of error of the court below in failing to give it.

*Leonard B. Melvin,* for appellee.

Counsel for appellants say that: "For a decision of this case it is necessary to determine whether the railroad company, under such circumstances, holds the baggage as a gratuitous bailee, warehouseman, or common carrier." The railroad company accepted this baggage under what condition? That appellee return the next day and purchase a ticket from their company. Surely there was an expected benefit from the bailment. *Bain* v. *Culbert,* 96 So. (Ala.) 228.

If appellee had just been passing through the town of Ellisville, and had not intended to become a passenger on appellant's trains and had left his trunk with them until he could return and get the trunk, and the trunk had been stolen, then appellant would have been a gratuitous bailee, but there is a different state of facts in this case.

A person becomes a bailee for hire when he takes property into his custody for compensation . . . Each transaction depends largely upon its own facts and circumstances, and the existing relations, if any, the

parties may have to each other." *Prince* v. *Alabama State Fair,* 17 So. (Ala.) 449.

Appellant here is a bailee for hire for expectant compensation, therefore liable for ordinary care, as so instructed by the trial court. This court in a number of instances has said what was a sufficient consideration to support a contract. *Bryne* v. *Commings,* 41 Miss. 192; *Magee* v. *Catchings,* 33 Miss. 672.

Counsel states that the appellee did not prove negligence. Appellee proved this: He delivered his trunk to appellant company, and he has never heard of nor seen same since. This evidence is undisputed; and in fact, was testified to by both appellant and appellee.

We find our theory upheld in *Miller* v. *Bank of Holly Springs,* 95 So. Miss. 129, and *Birmingham Terminal Company* v. *Thompson,* 92 So. (Ala.), 803 which is a parallel case with the one at bar, and on which this appellee greatly depends for the sustaining of this verdict here.

Etheridge, J., delivered the opinion of the court.

The appellee sued the appellant for the value of a trunk and contents. The facts appear to be that appellee sent a trunk to the depot of appellant railroad company at Ellisville, Miss., by a negro at night; the negro drayman stating that the trunk was for train No. 41 of appellant railroad company, which train was due to pass Ellisville at about five o'clock the following morning. The drayman stated that he did not know the name of the owner of the trunk. The porter of the railroad company at the depot took the trunk into the baggage room of appellant's depot, where it was locked in when the depot was closed at night. It appeared, further, that one of the agents or employees of the railroad company was at the depot subsequent to the receipt of the trunk at about one o'clock at night for the purpose of attend-

ing to the business of the company; a train being due to pass at that hour. The owner of the trunk failed to appear at five o'clock a. m., and failed to meet appellant's train No. 41, but appeared later in the morning for the purpose of taking another train going north. When he got to the depot it was discovered that the depot had been entered and the trunk taken away, and it could not be found. Consequently the appellee, not finding his trunk, did not in fact purchase a ticket and make the trip, which he had intended to make.

The case was submitted to the jury under instructions that it was the duty of a bailee for hire to furnish a reasonably safe place for the keeping of plaintiff's trunk, and that unless the jury believed from the evidence that defendant, on the night in question when the depot was robbed, had a reasonably safe place to keep the trunk, they should find for the plaintiff. The jury was further instructed, for the plaintiff, that if the defendant received the trunk, expecting to sell a ticket and transfer this trunk the next day, this was a consideration, and defendant is responsible, if it did not take reasonable care in caring for the trunk. For the defendant, the court instructed the jury that the mere fact that the trunk was stolen from defendant's baggage room in the depot, if the evidence so shows, is not to be taken as proof that defendant was guilty of any negligence in that regard; that negligence must be proven by the plaintiff to entitle him to a verdict. It was further instructed, for the defendant, that it is not liable to the plaintiff unless the trunk was lost because the defendant failed to exercise ordinary care to keep it safely. The defendant requested, and was refused, an instruction that the facts show that it was a gratuitous bailee of plaintiff's trunk, and, unless the jury believed from the evidence that the trunk was lost by some gross negligence of defendant, the jury should return a verdict for the defendant.

We think the principles announced in *Birmingham Terminal Co.* v. *Thomas,* 207 Ala. 363, 92 So. 803, are proper, and that these principles control the case. The judgment of the court below will be affirmed.

*Affirmed.*