27 So.2d 150

### GULF. M. & O. R. CO. v. SCOTT.

I Div. 519.

Court of Appeals of Alabama.

March 5, 1946.

Rehearing Denied April 9, 1946.

Granade & Granade, of Chatom, for appellant.

Scott & Turner, of Chatom, for appellee.

BRICKEN, Presiding Judge.

Appellee brought suit against appellant, to recover $225 as damages for killing a bull.

In answer to the complaint the defendant filed its demurrer, which was overruled, and this action of the court is assigned as error. Upon examination we find there is no merit in this assignment. This insistence does not seem to be seriously insisted upon.

Defendant next files its pleas 1 to 6 inclusive, in answer to the complaint. Several of these pleas set up a certain contract alleged to have been entered into between plaintiff and the Mobile & Ohio Railroad Company, the defendant's predecessor in

the ownership and operation of the railroad involved, to the legal rights and privileges of which contract the defendant alleged it had succeeded. Said contract provided in substance that the railroad company would furnish C. D. Scott with 50 rolls of barbed wire and 214 pounds of barbed wire staples, and that said Scott would furnish the posts and labor and would build a barbed wire fence between the defendant's right of way and the lands of the said Scott, beginning at mile post No. 60 and extending to mile post No. 61 on the railroad company's right of way. Scott was also to maintain and keep in repair the wire fence. It was further provided under said agreement that the railroad company would not be liable to Scott for any damages on account of the killing, or injuring, of livestock straying through or escaping from the enclosure made by said fence for the life thereof, which was agreed to be 15 years from the date of its erection, whether caused by the negligence of the railroad company, or otherwise. Plaintiff demurred to said pleas upon the ground that said contract was against public policy and void.

Plea No. 2 was the plea of general issue, and plea No. 3 alleged contributory negligence upon the part of the plaintiff.

The trial court sustained plaintiff's demurrer to all of said pleas, except the plea of the general issue, and this action of the court is made the basis of numerous assignments of error. In our opinion all of these were subject to demurrer and no error prevailed in the action of the court in so ruling.

A similar contract to the one now before us for consideration, was considered by this court, and also by the Supreme Court, in the case of Central of Ga. R. Co. v. Hammond, 19 Ala.App. 515, 99 So. 73; 210 Ala. 687, 99 So. 74, and in that case it was held by both courts that the contract was void and of no effect. That case is decisive of the question here presented and we unhesitatingly follow it. The railroad company could not by contract escape liability for its own negligence.

It is shown by the record in this case, that plaintiff owned a certain black bull, designated in the testimony as an Angus bull. This bull was found lying dead on the right of way of defendant about 10 or 12 feet from the steel rails of defendant's railroad track on the west side thereof. When first seen near said track, the witness who found the dead body of this beast, testified that its right hip had been broken near the hip joint and that the right hip was broken down and the leg bone was sticking out of the wound on the hip. The section foreman, or master, of defendant, and his crew of laborers, who worked on this portion of defendant's railroad track and right of way, were seen by this witness pulling the dead carcass off of defendant's right of way and on to the land of plaintiff. On April 24, 1944, defendant's section foreman, Mr. Kemper, called plaintiff by telephone and told him that the train had killed his bull, and that he, said foreman, had to make a report of it.

Plaintiff's undisputed evidence shows that the dead bull was found on defendant's right of way, just a short distance from defendant's railroad track at a point about one mile South of Yellow Pine, a station on defendant's railroad, and specifically between the 58th and 59th mile posts on defendant's right of way in Washington County, Alabama. Plaintiff's testimony fairly and reasonably considered, with respect to the character and severity of the wound upon the carcass of the dead bull, the place where it was found, the fact that the railroad track at this point and from distance on each side thereof, was perfectly straight, the activity of the section crew in removing the carcass from defendant's right of way, together with the statement of defendant's agent, Mr. Kemper, the section foreman, made to plaintiff to the effect that the train had killed plaintiff's bull, when considered in its entirety was sufficient, we think, to reasonably establish that said bull was in fact killed by one of defendant's trains. Birmingham Mineral R. Co. v. Harris, 98 Ala. 326, 13 So. 377.

Our Statute, Section 208, Title 48, Code of Alabama, 1940, makes it the duty of the section master, whenever any stock is killed, or injured, by any railroad on his section, to notify the owner of said stock of such killing or injury, within twenty-four hours

therefter, if the owner is known. Evidently it was under this provision of the law that the section foreman called the plaintiff and notified him that his bull had been killed. Plaintiff's testimony shows without dispute that the carcass of the dead bull was found on Mr. Kemper's section of the railroad track. It, therefore, was sufficiently proven upon the trial by plaintiff's testimony that his black bull was injured by defendant's train, and died from said injury, as charged in the complaint.

■■ Under our Statute whenever any stock is killed, or injured, by a locomotive, or cars, of any railroad, the burden of proof, in any suit brought therefor, is on the railroad company to show that there was no negligence on the part of the company, or its agents. Code of Alabama 1940, Title 48, Section 173. This Statute clearly means that when the killing of, or injury to, any stock is shown by the owner thereof to have been caused by a locomotive engine, or cars, the owner makes out a prima facie case of liability against the railroad. The burden then shifts to the railroad to rebut, or overcome the owner's prima facie case by introducing evidence sufficient for that purpose. In the case at bar, the plaintiff's evidence did not acquit the defendant of negligence and was sufficient to show prima facie liability on the part of the defendant. Plaintiff's evidence also showed the reasonable market value of said bull at the time it was killed, and that $225 was not in excess of the reasonable market value of said animal. The defendant failed, or refused, to introduce any evidence. The plaintiff was, therefore, entitled to the affirmative charge, and the trial court did not err in giving it as the court was asked in writing to do by plaintiff. Louisville & N. R. Co. v. Greene, 222 Ala. 557, 133 So. 294.

What we have said with respect to this case, and we have given this record and every insistence made by the parties to this appeal, our careful consideration, disposes of every question presented by the assignments of error. The judgment of the trial court is, therefore, due to be affirmed. It is so ordered.

Affirmed.