Battle, J.
 

 The delivery by the plaintiff of his horse to be kept by the defendant in his livery stable, created a bailment, which, being mutually beneficial to the parties, bound the bailee, according to the general rule, to take ordinary care of the properly. “ Ordinary care” is that degree of care, which, under the same circumstances, a person of ordinary prudence would take of the particular thing, were it his own ; and the case will be varied according to the nature of the thing bailed, the purpose for which it was bailed, and the particular eir
 
 *152
 
 -cumstances under which it was
 
 bailed;" Brock v. King,
 
 3 Jones’ Rep. 45;
 
 Heathcock
 
 v.
 
 Pennington,
 
 11 Ire. Rep. 640;
 
 Couch
 
 v.
 
 Jones,
 
 5 Jones’ Rep. 402. It is admitted by the counsel, on both sides, that this is the proper rule, and they differ only in the application of it to the circumstances of the present case. The want of ordinary care, which the plaintiff imputes to the defendant., consisted in the fact, that the upper part of the stable door was left open, whereby, as he alleges, the horse was enabled to escape. There was no direct evidence at what time of the night, or in what particular manner the horse got out of the stable. As it was proved, however, that during the night in question, certain stage-horses, -which were kept there, were taken out, and the upper part of the door was found open next morning, it was a fair inference that the horse of the plaintiff made his escape in consequence of those acts, and he had a right to the instruction of the Court, as to whether that was not negligence in the defendant. It was the opinion of his Honor, and in that opinion we concur,' that, supposing the stage-driver had taken out his horses and left the door open, it was such negligence as made the owner of the stable responsible. Why ? Because, if he permitted other horses to be kept in the same stable, ■with a common door, wdth that of the plaintiff, and to be taken out during the night, it was his duty to have had an agent or servant there, to see that the door was properly closed, so as to prevent other horses from getting out and escaping. It seems to us, that the same reason applies, with precisely the same force, whether the plaintiffs horse got out at the time when the stage horses were carried out, or afterwards. If the defendant trusted to the stage-driver to take out his horses, and to see that none others should get out, then the driver, who was,
 
 quoad hoc,
 
 the servant of the defendant, was guilty of neglect, either in permitting the plaintiff’s horse to go out wdth his, or in leaving the door open, by means of which he escaped af-terwards ; and for that neglect the defendant wras responsible. There w'as certainly a
 
 prima faoie
 
 case of a w'ant of ordinary care in keeping the plaintiff’s horse, which required an expía-
 
 *153
 
 nation from tlie defendant, and we cannot find the explana-nation, in any circumstance, which was proved at the trial; The j udgment must he reversed, and a
 
 venire d& novo
 
 awarded.
 

 PeR Cueiam, v Judgment reversed.