142 So. 660

## CENTRAL OF GEORGIA RY. CO. v. LEE.

### 7 Div. 110.

Supreme Court of Alabama.
June 9, 1932.

Rehearing Denied June 23, 1932.

Nesbit, Sadler & Dunn, of Birmingham, for appellant.

W. W. Wallace and L. H. Ellis, both of Columbiana, for appellee.

BOULDIN, J.

The action is under the Homicide Act (Code 1923, § 5696).

The case went to the jury on a count charging negligence after discovery of the peril of plaintiff's intestate.

The assignments of error here insisted upon are the refusal of the affirmative charge requested by defendant, and refusal of the motion for a new trial as opposed to the great weight of the evidence.

Without question, deceased was a trespasser on defendant's track when killed by a passing train.

■■ There was no duty to keep a lookout for him. The burden was on plaintiff, not merely to show his presence upon the track was discovered, but that his position or movements were such as to indicate that he could not or would not get out of the wake of the passing train; and that this situation became known in time to have brought the train to a stop and saved his life.

The place was at or near the east end of the bridge across the Coosa river near Childersburg. The train was east bound. The time was about 6:15 p. m. February 3d, about full dark, and the train was running by headlight.

Plaintiff relies on a group of circumstances in evidence to make out a case. While singling out her most favorable witnesses as to each circumstance relied upon to show discovery of peril (and this in part depending on casual hearing of sounds at night wherein witnesses give their judgment or impression of locations and distances as important factors) would seem to furnish the only process by which the jury could arrive at a verdict for plaintiff, yet, we are not prepared to hold there is such entire lack of evidence as to put the trial court in error in refusing the affirmative charge.

■ But the facts as given by the weight of the evidence for plaintiff, as well as defendant, if found to be true, present such situation that any inference of negligence after discovery of peril, that is to say, after discovery that deceased was on the track, and that he would not or could not perform the manifest duty to get off the track, would be a matter of pure conjecture, such as should never be the basis of a verdict and judgment.

■ We are impelled to hold a new trial should have been granted, and judgment will be here rendered granting same.

In view of our conclusion that a new trial should be had, a detailed discussion of the evidence is withheld.

Reversed, rendered, and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.

### Upon Rehearing.

ANDERSON, C. J.

I understand the rule to be in this state, where the scintilla doctrine prevails, that, if there is any evidence tending to show that the plaintiff has made out a case, it should be submitted to the jury. Or if the evidence creates a reasonable inference, as distinguished from a mere speculation or conjecture, that the plaintiff has made out his case, it should be submitted to the jury. On the other hand, if the evidence as to the material facts is only conjectural and speculative, the defendant would be entitled to the general charge.

The foregoing opinion of Justice BOULDIN holds that the evidence was sufficient to create a reasonable inference of subsequent negligence on the part of the defendant's servant and the defendant was not due the general charge. As to this, we are in agreement.

I also understand that, while the plaintiff made out a case sufficient to get to the jury, the verdict was so contrary to the great weight of the evidence as to put the trial court in error for refusing the defendant's motion for a new trial. I think the expression of Justice BOULDIN, in discussing the motion for a new trial, to the effect that any inference of negligence after discovery of peril would be a matter of "pure conjecture, such as should never be the basis of a verdict and judgment," is inaccurate and misleading. If the evidence creates a mere conjecture, the defendant was entitled to the general charge, but, if it created a reasonable inference, the case should have been submitted to the jury, but the verdict, being contrary to the great weight of the evidence, should be set aside.