35 So.2d 698

### GLENN v. BLACKMAN et al.

### 4 Div. 16.

Court of Appeals of Alabama.
April 6, 1948.

Rehearing Denied May 18, 1948.

---

1 250 Ala. p. 444.

572

Alto V. Lee, III, of Dothan, for appellant.

J. Hubert Farmer, of Dothan, and W. R. Martin, of Ozark, for appellees.

HARWOOD, Judge.

In the court below the plaintiffs, who are appellees here, sued the defendant, appellant here, claiming damages of $300, because of the destruction by fire of a peanut picker rented by the defendant from the plaintiffs.

The complaint contained three counts which were as follows:

"Count One. The plaintiffs claim of the defendant the sum of three hundred dollars damages for the conversion of one Liverman Peanut Picker by him on or about the 1st day of April, 1944; the property of the plaintiffs.

"Count Two. The plaintiffs claim of the defendant the sum of three hundred and no/100 dollars damages for that on or about the 1st day of November, 1943, the defendant rented from and was delivered to him by the plaintiffs one Liverman peanut picker, the property of the plaintiffs, which Liverman peanut picker the defendant has failed and refused to return to the plaintiffs although demand has been made upon him.

"Count Three. The plaintiffs claim of the defendant the sum of three hundred dollars for that on or about the 1st day of November, 1943 the defendant rented from and was delivered to him by the plaintiffs one Liverman Peanut Picker for the purpose of picking his peanuts but which he never returned to the plaintiffs although demand has been made upon him, and which while in the possession of the defendant was burned and destroyed on or about the 1st day of April, 1944 because of the negligence of the defendant; and the plaintiffs allege that said Liverman Peanut Picker was destroyed and burned as a proximate result of the negligence of the defendant wherefore they sue.

"The Plaintiffs claim the sum of three hundred dollars in each of the above counts."

A jury trial was demanded by the plaintiffs.

The defendant demurred to the complaint and each count thereof separately and severally.

In his brief appellant's earnest counsel has argued that two of the grounds were well taken. These grounds are: "(4) For aught that appears from said count this defendant has not wrongfully refused to return to the Plaintiffs the property sued for," and "(6) For that the allegations of negligence as appear in said count are but mere conclusions of the pleader and no facts are averred in support thereof."

The court overruled the demurrers.

Pleas of the general issue were then filed, and further pleas which in substance set up the fact that the property sued for was destroyed by fire without negligence on the part of the defendant.

In the trial below the defendant also requested in writing the general affirmative charge as to each count.

The jury found for the plaintiff and assessed his damages at $175, and judgment was by the court entered pursuant thereto.

In his brief counsel for appellant admits that Count 1, above, is in Code form, and that the demurrers were properly overruled as to this count.

In his brief counsel for the appellees admit that the facts of this case as set forth in appellant's brief are substantially correct, and as stated in appellant's brief these facts are as follows:

"Appellees are father and son and Appellee, Shelby Blackman, is the first cousin of Appellant. In the fall of 1943, Appellant rented 'the peanut picker in question from Appellee and removed it to his (Appellant's home). On or about April 1st, 1944, said peanut picker was destroyed by fire with considerable other property of Appellant at Appellant's home, and while Appellant was still using said peanut picker with the consent of Appellees.

"Appellant lived in a rural section where no fire protection was afforded and at the time of the fire, Appellant and two of his sons were at home. The evidence regarding the manner in which the fire occurred was at conflict at some points, but in the main, all witnesses testified that the fire was of undetermined origin and that it burned rapidly, destroying not only the peanut picker in question but the barn and considerable other property of Appellant. Appellant's testimony and that of his witnesses show that this fire was fed by a high wind. Appellees offered testimony contradicting the testimony of Appellant and witnesses as to the direction in which the wind was blowing at the time of the fire. The testimony of all witnesses, however, shows that every one present fought the fire and tried to bring it under control. Further, that it was impossible to do so, and in the process of fighting the fire the peanut picker in question was destroyed."

We think the further facts should also be shown to the effect that when the defendant rented the peanut picker in the fall of 1946 it was for the purpose of picking peanuts. Upon completion of this purpose the defendant asked and received permission of the plaintiffs to retain possession of the picker in order to reclean the peanuts already picked. Defendant paid $20 for the use of the machine at sometime prior to its destruction by fire, and $20 more after its destruction. No contention is made by the defendant however that ony of this rental was for the use of the picker in recleaning the peanuts. In fact appellees counsel admits that the preponderance of the evidence shows defendant to have been a bailee without hire at the time the picker was burned.

We think also that it should be noted that there was evidence presented by the plaintiff, tending to show that this peanut picker was on the south side of the barn at the time of the fire, the rear end of the picker being some two feet under a shelter on the barn; that the defendant and one or two of his sons, and one Joe Arrington, defendant's son-in-law were present during the fire; that a tractor in workable condition was nearby, and that with the use of the tractor and a cable they did save an engine belonging to the defendant which was futher back under the shelter of the barn on the east side than was the peanut picker.

■ Reverting to the court's action in overruling defendant's demurrers to counts 2 and 3, it is our opinion that while such counts are inaptly drawn in that no termination of the lease is asserted, and therefore defendant's possession may not have been wrongful, and the demurrers should have been sustained to these counts, yet it is our opinion that the omitted allegation of the wrongfulness of defendant's detention of the picker was made an issue under the issues and evidence of the trial, that otherwise the counts stated a cause of action, and that the jury were instructed in such terms that they must be deemed to have known that they could not have returned a verdict for the plaintiffs unless such detention was wrongful. Under such circumstances a judgment will not be reversed despite the impropriety of the action of the trial court in overruling the demurrer. Southern R. Co. v. Dickson, 211 Ala. 481, 100 So. 665; Best Park & Amusement Co. v. Rollins, 192 Ala. 534, 68 So. 417, Ann. Cas.1917D, 929; John E. Ballenger Const. Co. v. Joe F. Walters, 236 Ala. 546, 184 So. 273.

■ Appellant's counsel strenuously asserts that the court also erred in overruling the demurrers because of ground (6), supra.

Said ground (6) goes to count 3 of the complaint. This count does set up facts

showing that defendant was a bailee, and refusal to deliver after demand. A duty on the part of defendant was therefore set up. A general averment of negligence is sufficient if the facts alleged show the existence of a duty on defendant's part to act, arising out of the relation of the parties. Western Ry. of Alabama v. McGraw, 183 Ala. 220, 62 So. 772; Southern R. Co. v. Dickson, supra. We therefore are of the opinion that no error arose from the court's action in overruling the demurrer on ground (6).

Appellant's second assignment of error is as follows:

"(2) The trial court erred in giving the following charge requested in writing by Appellees: 'If the jury believe from the evidence that if the Plaintiffs delivered the peanut picker to the defendant in good condition and it was damaged or lost while in the possession of the defendant and that the defendant was negligent in his care of the peanut picker then he cannot overcome his liability from the fact that the damages resulted from fire and the Jury must find for the Plaintiff's.'"

While the above charge was misleading, and tended to be abstract, it was not positively erroneous. When a given charge is merely misleading, abstract, or insufficient, it is the duty of the complaining party to request explanatory charges correcting such deficiencies before he can complain. See 2 Ala.Dig., Appeal and Error, ⊕⇒216(1) (2) and (3) for cases enunciating such doctrine.

Appellant's assignments (3), (4), and (5) pertain to the court's refusal to give his requested written affirmative charges as to each count of the complaint respectively.

No motion for a new trial was made by the appellant in the court below. The evidence was in conflict. Where the sufficiency of the evidence to sustain the judgment is not presented for review by a motion for a new trial, the scintilla rule prevails. Orman v. Scharnagel, 210 Ala. 381, 98 So. 123; and in the absence of such motion an appellate court cannot interfere with a verdict rendered on conflicting evidence. First Nat. Life Ins. Co. of America v. Ford, 25 Ala.App. 122, 141 So. 719.

There was evidence presented from which the jury could reasonably infer that at the time of the destruction of the peanut picker the defendant was a bailee for his own sole benefit. In such status he owed extraordinary care toward the bailed property. Thomas v. Hackney, 192 Ala. 27, 68 So. 296. Whether he had exercised the degree of care owed by him toward the bailed goods was primarily a question of fact for the jury. Under the evidence adduced, and the limited scope of our review of weight of the evidence because of the absence of a motion for a new trial, we do not think error can be charged to the lower court under assignments (3), (4), and (5).

Appellant's assignment No. (6) pertains to the court's action in overruling his objection to a question propounded to a witness by appellees' attorney. The record shows however that the question was never answered by the witness. No harm thereby could have enured to the appellant by this ruling.

Appellant's assignments (7), and (8) pertain to questions addressed to witness Shelby Blackman which called for answers tending to show that when Blackman talked to the defendant the day after the fire the defendant told Blackman that his picker could have been saved if "they hadn't fooled around." The defendant objected to such questions on the ground that same were not in rebuttal, and also on the general ground of the irrelevancy, incompetency and immateriality of the question.

The record shows that the defendant in his prior cross examination had denied making such statement. The question therefore called for proper rebuttal testimony. Clearly, the testimony was of probative value, in the nature of an adverse admission, and admissible. No error resulted in overruling the objection addressed to it.

This cause is in our opinion due to be affirmed, and it is so ordered.

Affirmed.