49 So.2d 144

### AIRCRAFT SALES & SERVICE, Inc. v. BRAMLETT.

#### 6 Div. 922.

Supreme Court of Alabama.
Oct. 26, 1950.

Rehearing Denied Dec. 14, 1950.

590

Davis & Williams, of Birmingham, for appellant.

Wade H. Morton, of Birmingham, for appellee.

SIMPSON, Justice.

The defendant appeals from a verdict and judgment rendered against it in favor of the plaintiff in an action for damages for the destruction by fire of plaintiff's airplane, stored with the defendant as a bailee for hire.

Count 1, on which recovery was rested, is as follows:

"The plaintiff claims ˙of the defendants the sum of Three Thousand Dollars ($3,-000.00) as damages for that heretofore during, towit: the month of October, 1946, the defendants were engaged in the business of operating an airplane hanger˙ and storing airplanes for hire or reward; that on, towit: October 17, 1946, the plaintiff delivered to and stored with the defendants at their hanger in the City of Birmingham, Jefferson County, Alabama one 1946 Taylor Craft Airplane, N.C. 43537, Model B.C. 12D, Serial No. 7196, and agreed to pay to the defendants their usual and regular

charges therefor, which said airplane they agreed to store for the plaintiff and to exercise reasonable care and diligence in the care of same.

"And plaintiff further avers that the defendants failed to exercise reasonable care and diligence in the keeping of said airplane and as a proximate consequence thereof the plaintiff's said airplane was destroyed by fire."

One major contention on appeal is that the count was an action *ex contractu* and that, following an adverse construction by the trial court, error prevailed in the overruling of certain grounds of demurrer to the count as well as in giving and refusing certain instructions to the jury on that hypothesis. With this insistence of learned counsel we are at variance. Either case or assumpsit would lie for the loss or injury to bailed property as a proximate result of the failure on the part of the bailee to use reasonable care—case for negligence in performing the duty arising from the contract of bailment and assumpsit for the breach of the contract itself. We interpret Count 1, as did the trial court, to be in case. The gravamen of the count is the alleged negligence of the defendant in the performance of a duty owing to the plaintiff arising out of the contract whereby the property in question was lost to the plaintiff and the averment of negligence was sufficient in this respect. Hackney v. Perry, 152 Ala. 626, 633, 44 So. 1029.

Nor was the count subject to the criticism that it failed to aver in what manner the negligence was committed. There seems to be some conflict of authority on the question elsewhere, 67 Corpus Juris, 564, § 250, but we think the rule in Alabama is firmly established that where a situation is averred to show a duty owed by the defendant to the plaintiff to exercise due care, a failure to do so is negligence and that negligence may be counted on in general terms. Birmingham Railway, Light & Power Co. v. Bush, 175 Ala. 49, 56 So. 731.

As regards the application of the principle to the case in hand, it is a common law duty on the part of a bailee for hire to exercise reasonable care in the protection of the property and the general rule is that when the goods are lost out of the possession of the bailee, prima facie, negligence is imputed to him. The law therefore intervenes to supply this allegation of fact and the quo modo of the negligence is not necessary to be alleged. Authoritative is the statement to that effect in Bain v. Culbert, 209 Ala. 312, 96 So. 228, that "a general averment of the negligent breach of duty by a bailor is sufficient in an action or count in case for the damage proximately resulting from the loss of the property bailed." Western Ry. of Alabama v. McGraw, 183 Ala. 220, 62 So. 772; Churchhill v. Walling, 205 Ala. 509, 88 So. 582; Glenn v. Blackman, 33 Ala.App. 571, 35 So.2d 698, certiorari denied, 250 Ala. 664, 35 So.2d 702.

However, the foregoing rule of pleading does not alter the rule of the burden of proof in such cases, which burden remains throughout on the plaintiff. The prima facie presumption of negligence imputed to the defendant is said to be rebutted when the loss is shown to have occurred as the result of a fire and the plaintiff is then required to prove that the loss was the result of the negligence of the defendant, though this burden would be met if the evidence which proves the fire also proves the defendant's negligence. Lewis v. Ebersole, 244 Ala. 200, 12 So.2d 543; Seals v. Edmondson, 71 Ala. 509; Firestone Tire & Rubber Co. v. Pacific Transfer Co., 120 Wash. 665, 208 P. 55, 26 A.L.R. 217; 6 Am.Jur. 458, § 378; Bricken v. Sikes, 14 Ala.App. 187, 68 So. 801, certiorari denied, 194 Ala. 148, 69 So. 425.

Another insistence is that the defendant was due the general affirmative charge.

The proof in the instant case established that appellant was in legal effect a warehouseman or storage bailee who contracted for a consideration to store appellee's plane in its hangar, and as such bailee it was required to exercise reasonable care to protect the property from fire, and in default of that duty liability for loss or injury proximately resulting therefrom would ensue.

It is also the rule that this duty to exercise reasonable care extends not only to the means employed to prevent a fire, but also to the means and agency used to arrest the progress of a fire after it is once started. 67 Corpus Juris 507, § 105; 56 Am.Jur. 390, §§ 149, 150; Tubbs v. American Transfer & Storage Co., Tex.Civ.App., 297 S.W. 670; Jordan v. Federal Compress & Warehouse Co., 156 Miss. 514, 126 So. 31; Haverstick v. Southern Pacific Co., 1 Cal.App.2d 605, 37 P.2d 146, 111 A.L.R. 1143.

The question of reasonable care is to be determined from all the circumstances and is affected by the character or kind of property stored (here highly inflammable property); its environs, such as its proximity to elements or agencies which might subject it to injury or destruction. 56 Am. Jur. 390, §§ 148, 153; Seals v. Edmondson, supra, 71 Ala. 514.

The general rule governing other actions for injury based on negligence generally applies to actions against such a bailee and it is for the jury to determine whether or not the defendant had been guilty of negligence, unless there is an entire absence of evidence affording an inference of negligence. 67 Corpus Juris 581, 582, §§ 269, 279; Tubbs v. American Transfer & Storage Co., supra; Jordan v. Federal Compress & Warehouse Co., supra; Haverstick v. Southern Pacific Co., supra; Austin v. Heath, 168 La. 605(4), 122 So. 865.

So in the present case, for the defendant to be entitled to the affirmative charge or a directed verdict, the evidence must show without conflict that the defendant did what an ordinarily prudent person would have done under the circumstances to avert the loss. If there was a scintilla of evidence tending to establish defendant's negligence or to afford an inference of such negligence proximately causing the loss, there would be no basis for giving the affirmative charge for the defendant.

In the light of these recognized principles, it must be held that the affirmative charge for the defendant was well refused. A brief recitation of the facts will serve to demonstrate this conclusion.

The defendant was engaged in the business of operating a flying school and airplane hangar and had stored the plaintiff's plane, with several others, in a building on the old Bechtel-McCone properties in the city of Birmingham, Alabama, it had leased from the federal government. The building was a wooden structure 1080 feet long and 40 feet wide, the outside walls being about 19 feet from ground to roof eave. Throughout the length of the building at about 30-feet intervals there were center supports, along each of which ran a 3-inch water pipe, except the center support adjacent to defendant's office, where the weekend before the fire it had had a heating stove installed. The pipe on this center support had been reduced in size by reason of the previous installation of a water cooler in the office. At each of these water connections the landlord furnished a fire hose to fit the connection, including the smaller water pipe on the center support nearest the office. The office was a partitioned-off compartment in the northeast portion of the building, about 25 or 30 feet square and ceiled with celotex, dropping within about 8 feet of the floor. A fire was kindled in the stove at about 6 a. m. and about 7:45 a. m. "a flame or a small flicker of a flame" was discovered in the ceiling above the celotex, over the stove. Being government property, there was a fire department, with facilities, maintained on the Bechtel-McCone properties and the telephone in the office had a notice posted over it to call this fire department in case of fire. The Birmingham fire department had no jurisdiction over the property and made no fire inspections thereof. The government fire department was in much closer proximity to the building than the Birmingham fire department, yet one of the employees of defendant called the Birmingham department when the fire was discovered and the fire department on the reservation was not called, if at all, until some later time. There were also on the center supports fire extinguishers and when the fire was discovered some of the employees of defendant attempted to use one of the fire extinguishers, but were unable to use it either because it was out of order or they did not under-

stand its workings. They then attempted to connect the fire hose to the water pipe adjacent to the office, but the wrong size hose was at the center support and they were unable to make a connection because of the difference in the size of the fittings. The smaller hose which should have hung there was absent, probably in another part of the building. Being unable to use the fire extinguisher or to connect the fire hose, no attempt was made to find the smaller hose, which should have hung at that center support, nor was any attempt made to institute a connection at the next center support, which was approximately 30 feet distant. Water buckets were also available, but no attempt was made to use them, although when the fire was first discovered it was but a small flame and could have been reached by water buckets or fire hose. Neither was any attempt made to use any other fire extinguisher. When the Birmingham fire department did arrive at the scene and water was finally turned on the fire, its spread was stopped in three minutes and a portion of the building saved. At the time the fire was discovered there were some four employees of the defendant at or near the office where the fire started.

We think the negligence, vel non, of the defendant, as well as the question of proximate causation, were inquiries of fact to be determined by the jury. The defendant could not absolve itself of its duty in the premises because it did not own the hanger or because the government furnished the fire fighting equipment and made periodic fire inspections. The defendant in accepting for storage this highly inflammable property of plaintiff assumed the implied obligation of using reasonable care to protect it, and we think it was for the jury to decide whether or not it had failed in this duty by reason of not seeing to it that the fire extinguishers were usable or susceptible of being used by its employees or whether or not in the exercise of reasonable care the proper hose should have hung at the proper place, or whether or not its employees were negligent in failing to use the nearest water pipe which was workable in order to exterminate the fire or in failing to use water buckets or other fire extin-guishers, or were negligent in failing to call the government fire department as the instructions directed. The affirmative charge for the defendant was, therefore, properly refused.

■ Error fatal to affirmance of the judgment, however, did, we think, prevail in the refusal by the learned trial judge of certain other special written charges requested by the defendant. To illustrate it is necessary to refer to other of the evidence.

Considerable proof was undertaken by the plaintiff to show negligence of the defendant in causing the fire by reason of the use of a broken terra cotta thimble through which the stovepipe went to the outside of the building. There was expert testimony to afford an inference that there might have been a break in this thimble at the time of the fire and that, if so, this condition was "unsafe." If it could be conceded that to maintain the stove and equipment in that condition was negligence under the circumstances, in order to fasten liability on the defendant it must be established by the evidence that the fire which destroyed the plane was the proximate result of this particular act of negligence. Lewis v. Ebersole, supra, and cases cited; Seals v. Edmondson, supra; Stowers v. Dwight Mfg. Co., 202 Ala. 252(10), 80 So. 90; Bricken v. Sikes, supra.

■ There was an entire absence of evidence that the fire was caused by reason of the maintenance of the terra cotta thimble, if it was in a broken condition. Indeed, the inferences were to the contrary. The fire apparently started in the proximity of some electric wiring and some six or eight feet distant from the thimble where the stovepipe left the building. No fire at all was observed in the vicinity of the thimble and the exit of the pipe from the building. There is no explanation either from expert testimony or otherwise as to the origin of the fire and to attribute it to the defective thimble, if so, would be the merest conjecture. A verdict based on speculation or conjecture is not warranted. City of Tuscaloosa v. Fair, 232 Ala. 129 (19, 20), 167 So. 276; Goodwyn v. Union Springs Guano Co., 228 Ala. 173(6), 153 So. 246; Central

of Ga. R. Co. v. Lee, 225 Ala. 283(3), 142 So. 660.

Therefore, charges 7 and 55 instructing, in effect, that no recovery could be based on any alleged crack in the terra cotta thimble, should have been given, were not otherwise covered, and to refuse them was, in our opinion, error to reverse.

In view of a probable retrial, it is proper to observe that Charges 30 and 31 to the effect that in times of emergency a person is not held to that degree of judgment as he would under circumstances where he had an opportunity to reflect and consider a course of action, were not subject to the qualification interposed by the court in its oral charge, "if he were not guilty of any negligence that brought it on." As noticed, the cause of the fire remained unexplained from the evidence. There was no evidence that its origin was due to any negligence of the defendant, or that defendant contributed to bringing about the emergency, and to have attributed it to the defendant's negligence would have been entire speculation. The emergency was created immediately when the fire was discovered and the charges therefore were not abstract. (Ala. Digest, Trial, ⚙⇒252[2]). These charges, as written, we think, enunciated the applicable doctrine. 65 C.J.S., Negligence, § 17d, p. 412; Clark v. Farmer, 229 Ala. 596, 159 So. 47; Byars v. Hollimon, 228 Ala. 494, 153 So. 748.

One further observation is deemed necessary in view of the argument that error prevailed in the refusal of defendant's charge 39 as regards "unavoidable accident." At one time the court did hold it error to refuse such a charge, if apposite to the facts, Alabama Produce Co. v. Smith, 224 Ala. 688, 692(8), 141 So. 674; but in Kelly v. Hanwick, 228 Ala. 336(9), 153 So. 269, and Sloss-Sheffield Steel & Iron Co. v. Littrell, 246 Ala. 58, 61, 18 So.2d 709, the same Justice writing, such a charge was held properly refused as misleading. Recent decisions have affirmed the latter view to the result that the charge was properly refused. Bahakel v. Great Southern Trucking Co., 249 Ala. 363, 366(8), 31 So.2d 75; Cosby v. Flowers, 249 Ala. 227(4), 30 So.2d 694.

What we have said hereinabove will furnish a sufficient guide for another trial and it remains unnecessary to treat of the other questions raised on this appeal.

Reversed and remanded.

BROWN, FOSTER, LIVINGSTON, LAWSON, and STAKELY, JJ., concur.