83 So.2d 201

**LAUDERDALE COUNTY COOPERATIVE, Inc.**

v.

**M. R. LANSDELL et al.**

8 Div. 794.

Supreme Court of Alabama.

Sept. 15, 1955.

Rehearing Denied Nov. 10, 1955.

Bradshaw, Barnett & Haltom, Florence, for appellant.

Mitchell & Poellnitz, Florence, for appellees.

made demand upon defendant for settlement of its liability to plaintiffs because of such damage, and, in settlement and discharge of such claim and by way of compromise, the defendant agreed that "it would dry the cotton of plaintiffs and pay for the irreparably damaged portion of the same and return to plaintiffs the less damaged portion dried and in a good or better condition than said cotton was before said water damage, and of market value equal or better than before damage".

The question which seems to be most argued by counsel on appeal is whether there was a sufficient consideration alleged for the contract, or shown by the evidence. There was first a demurrer to the complaint claiming that the complaint showing a verbal contract, or one not alleged to be in writing, must show the existence of a sufficient consideration; and that it is insufficient in that respect. The court overruled the demurrer. The defendant then filed pleas. Plea 1 was the general issue and plea 2 was that there was no consideration for the contract alleged in the complant. Plaintiffs demurred to these and other pleas. The demurrer to pleas 1 and 2 was overruled, and sustained as to the other pleas. After the evidence was taken, at the written request of plaintiffs, the court charged the jury that if they believe the evidence they cannot return a verdict for defendant based on its plea No. 2. So that the question is properly presented and very earnestly and ably argued. This question was also indirectly involved on the former appeal and there argued; but was there considered only on the question of whether the issues were available at law or whether there was equity involved. We thought there was a sufficient showing for a consideration, and so stated on that appeal. That view is challenged and the question again argued on this appeal.

### The Pleading.

The theory of appellant's argument is largely based on what was said in respect to the question presented in Daniel v. Hughes, 196 Ala. 368, 72 So. 23, 24. In that case it was shown to be settled that

## PER CURIAM.

This is an appeal by defendant from a judgment rendered in favor of plaintiffs for a breach of contract. See opinion on former appeal—260 Ala. 452, 71 So.2d 70.

After the cause was remanded, it was tried at law with a jury resulting as indicated above. It was tried on two counts. They are both of the same import. Count 1 as amended will be set out in the statement of facts. It will be observed that it alleges that plaintiffs stored cotton in defendant's warehouse. The cotton was materially damaged by water, and plaintiffs

the existence of a mere controversy will not suffice to support an agreement to settle. And that " ' "The surrender of a mere assertion of claim, or the withdrawal of a threat to sue, when the claim is without legal merit, whether its legal validity is known or not, will not uphold a release, or agreement of compromise." [And] "When a claim is absolutely and clearly unsustainable, at law or in equity, its compromise constitutes no sufficient legal consideration." ' " The complaint there, to which the demurrer was sustained, was patently insufficient in that respect.

■ The same thought, variously expressed, is given effect in many of our cases, as that there must be a bona fide claim based on colorable right, such as conflicting or indeterminate testimony from which inferences are to be drawn, Ex parte Southern Cotton Oil Co., 207 Ala. 704, 93 So. 662; or that the result of a proceeding on the claim is doubtful, Russell v. Wright, 98 Ala. 652, 13 So. 594; Ernst Bros. v. Hollis, 86 Ala. 511, 6 So. 85; or there is some reasonable ground for controversy. Burleson v. Mays, 189 Ala. 107, 111, 66 So. 36.

■■ The allegations of the complaint show the existence of a material matter in dispute, and that it was settled by the agreement alleged to have been made by defendant. That sufficiently pleads the existence of a consideration. Ex parte Southern Cotton Oil Co., supra (2). That was put in issue by the plea of the general issue and by special plea 2. If the claim for damages set up in the complaint was fictitious, without any basis, not in good faith, not even of a doubtful nature, and not so appearing on its face, the burden was upon defendant in that respect. Hartford Fire Ins. Co. v. Clark, 258 Ala. 141 (3), 61 So.2d 19.

### General Charge.

The court gave the general charge for plaintiffs on the issue as to a consideration for the alleged contract.

It is undisputed that plaintiffs had twenty-six bales of cotton in defendant's warehouse; that on February 13, 1948, while said cotton was thus stored, it was materially damaged by flood waters flowing into the warehouse, caused by an overflow of the river. If in fact the contract as alleged in the complaint was made, which is disputed, it was in settlement of that damage. Was that a claim made in good faith and of a doubtful sort? The law applicable to a warehouseman's duty is set forth in section 526, Title 2, Code, which requires of him an exercise of reasonable and ordinary care to protect the property stored from damage (as from the elements), and makes him liable for any loss or injury to the goods which could have been avoided by the exercise of such care. This is no more than the duty which obtains without the statute. Bethea-Starr Packing & Shipping Co. v. Mayben, 192 Ala. 542, 68 So. 814; Seals v. Edmondson, 71 Ala. 509; 56 Am.Jur. 384, section 136.

■■ This damage to the bailed property having been caused by the violence of nature, there is no presumption of negligence on the part of the defendant-bailee, and on the trial of a suit against him the burden to produce some evidence of his negligence would be upon the plaintiffs. Seals v. Edmondson, supra; Higman v. Camody, 112 Ala. 267, 274, 20 So. 480; Aircraft Sales & Service, Inc., v. Bramlett, 254 Ala. 588(7), 49 So.2d 144. But that burden is met if the evidence which proves the damage, though it be the violence of nature, tends to show negligence on the part of defendant. Aircraft Sales and Service, Inc., v. Bramlett, supra.

■ The negligence of warehousemen is usually a question for the jury, considering the manner in which the cotton is stored and protected, in the light of its location and surroundings and the effort made to protect it after and even before the danger becomes imminent. Whittington v. Cameron Compress Co., Tex.Civ. App., 268 S.W. 216.

The cases cited in this connection by appellant of Oktibbeha County Cotton Warehouse Co. v. J. C. Page & Co., 151 Miss. 295, 117 So. 834, and Crittenden & Co. v. North-British & Merc. Ins. Co., 5 Cir., 31 F.2d 700, are both suits against the warehouseman, and the question was whether the evidence was sufficient to sustain liability. It was not a question of whether the facts disclosed justified a voluntary settlement by defendant without litigation.

The real controversy here is not the liability of defendant for the damage to the cotton, but whether there was a claim which justified its discharge by the contract, if there was such a contract. Defendant could see that his negligence in respect to the damage would be an issue in a suit on that claim, and that it would probably be left to the jury to determine whether he was negligent in respect to danger from the flood, and, rather than submit the issue to a jury, he preferred to make settlement for the damage—assuming that he made the contract as alleged. We see no reason why this could not be legally done as here claimed by plaintiffs. Those factual circumstances were without dispute, and the court had a right to give an affirmative instruction, on written request, as to their effect upon the issue of consideration. If plaintiffs did not have a bona fide claim of a doubtful sort for damage to their cotton, there is nothing in the record to support the contention.

## Joint Action.

Appellant also insists that one of the plaintiffs Ralph Lansdell did not have such interest in the cotton as would support his joinder as a plaintiff in this action. According to appellant's showing Ralph Lansdell only had a landlord's lien for the value of one-fourth of the cotton grown on a certain forty, and plaintiff M. L. Lansdell was his tenant with the legal title. But, as we explained on the former appeal, this action is not for damages for the destruction of plaintiffs' interest in the cotton. In such a suit the nature of that interest would control the nature of his claim, and whether the suit would be in case, trover, or trespass, and the right to join them as plaintiffs. Defendant could voluntarily accept both claims as valid and settle them by making a joint promise satisfactory to them both. The promise by defendant may have been with or for both plaintiffs having an undivided interest without regard to the respective ratio of that interest in the cotton or the nature of their respective rights. The suit is properly on the contract, alleged to be joint, where both parties have a community of interest. Winter-Loeb Grocery Co. v. Boykin, 203 Ala. 187, 82 So. 437.

## Admission of Evidence.

It is insisted that the court erred in admitting evidence of the value of the cotton after it was returned to plaintiffs, when they offered to sell it and could not because it was not marketable. That was before July 31, 1948. The legality of such evidence extends to the claim of damages in the complaint. There is here only a claim of general damages. On such a claim the measure is the difference between the value of the cotton after it had been processed and returned to plaintiffs, in its condition at that time, and what its value would have been had it been in as good condition as required by the contract. But plaintiffs had borrowed from the Commodity Credit Corporation and deposited the receipts as security with the agreement that plaintiffs could sell the cotton at any time before July 31, 1948, if they could get more than was owing to the Commodity Credit Corporation. The purpose was to enable plaintiffs to hold the cotton for a better price. This was known to defendant, as shown by the evidence, since the defendant negotiated and conducted the transaction with the Commodity Credit Corporation.

The evidence introduced showed the basis of a claim for special damages available when so alleged and claimed in the complaint. But it must also be alleged in the complaint that defendant had notice of those special facts which are necessary

to support the special damages. Bell v. Reynolds, 78 Ala. 511; Dominey v. Johnson-Brown Co., 219 Ala. 666(4), 123 So. 52. There were no such allegations in the complaint, but objection was not made on that ground nor is it so argued here.

We think plaintiffs had the right to take advantage of their contract with the Commodity Credit Corporation, known to defendant, and when the cotton advanced to a satisfactory price whereby they could realize something for their equity, they had a right to sell the cotton before July 31, 1948, and fix that as the date on which to compute values. And having that right they could also try to sell the cotton in the open market, acting as expediently and fairly as they could and the result would be evidence of the market value and of the unmarketable condition of the cotton. See the cases of Swedenburg v. Copeland, Ala., 82 So.2d 227;[1] McFadden v. Henderson, 128 Ala. 221(10), 29 So. 640; Cortner v. Anderson, Clayton & Co., 225 Ala. 575, 577(3), 144 So. 443.

Plaintiffs' counsel in their argument before the jury made a computation on a blackboard showing the amount of plaintiffs' damages after deducting the debt to the Commodity Credit Corporation. The jury accepted that computation and based their verdict on it. There was no impropriety in that procedure.

It results from the foregoing that the judgment of circuit court should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.