PEARSON, TILLMAN, Chief Judge.
The defendant appeals a final judgment for the plaintiff, Credit Union, and assigns as error the court’s order striking her counterclaim. The controversy arose consequent to a loan of money by the plaintiff to the defendant. As part of the security for the loan, the defendant pledged to the plaintiff a pair of diamond earrings which were listed on the face of the note as having a value of $450. It was alleged that the earrings were lost or stolen while in the possession of the Credit Union. Thereafter, the defendant defaulted on the loan, and the Credit Union sued for the amount of the note, less the declared value of the earrings. In her tendered counterclaim, the defendant claimed additional damages, beyond the declared value of the earrings, upon the allegation that the jewelry had a sentimental value much larger than its actual value.
The counterclaim was defective in that it did not allege notice to, or knowledge of, the counterdefendant of the special value claimed. Lauderdale County Cooperative, Inc., v. Lansdell, 263 Ala. 557, 83 So.2d 201 (1955). It might have been argued that the counterclaim should have been dismiss *863 ed. Appellant, however, does not argue the fact that the court struck the essential portion of the insufficient pleading. Further, the action of the court was taken at a pretrial conference, and the appellant did not request or suggest that she could or would amend.
Affirmed.